RENE BARONNESS, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 23506.)

Court of Claims, October 15, 1934.

*Theodore A. Knapp*, for the claimant.

*Joseph I. Butler, Assistant Attorney-General*, for the defendant.

BARRETT, P. J. This is a motion by the State to dismiss this claim for personal injuries to claimant on November 9, 1932, while

the claimant was an inmate of a State prison under a sentence for the commission of a crime. No notice of intention to file a claim was served within sixty days from the time of the alleged injuries as required by section 12-a of the Court of Claims Act and the State contends that such failure is a bar to the prosecution of the claim. In *Yablonsky* v. *City of New York* (128 Misc. 469), which was an action for personal injuries to an infant and where the city charter required such an action to be commenced within one year, the court said: " Plaintiff contends that the statute is a plea in bar, and to be available must be pleaded in the answer. That is not the law. This action is against a municipality. The requirement in question is not a statute of limitation within the meaning of section 60 of the Civil Practice Act. For protective reasons, the conditions under which a municipality may be sued and held liable are prescribed by statute, enacted by the State Legislature, and are controlling with certain exceptions recognized by law."

In *Winter* v. *City of Niagara Falls* (190 N. Y. 198), where a charter required that a claim for personal injuries founded on negligence must be presented within thirty days, it was held that it was not a statute of limitations, the running of which would be suspended during infancy, the court also saying (at p. 203): " To require the presentation of a claim within a specified time is quite a reasonable provision; inasmuch as thereby the municipality is afforded a measure of protection against stale claims, or the possible connivance of corrupt officials. It permitted an investigation into the occurrence to be had at a time when the evidence relating to it might more readily be collected."

To the same effect is *Murphy* v. *Village of Fort Edward* (213 N. Y. 397). I can see no distinction between the notice described in the cases cited and the notice of intention to file a claim required by the Court of Claims Act and the conclusion is inescapable, therefore, that section 12-a of the Court of Claims Act must be complied with, unless it is alleged and proved that claimant is unable to so comply.

No reason has been shown except imprisonment as an excuse for claimant's failure to comply with the statute. So far as appears, he was not unable physically or mentally to make a claim, nor does it appear that he was in any way interfered with in so doing. In the absence of proper allegations in the claim and proof of the same, excusing claimant's failure, the claim must be dismissed. Upon this point attention is again called to the case of *Winter* v. *City of Niagara Falls (supra)*, in which the court said: " The provision is not so rigid as to be beyond a construction, which admits of a substantial compliance with its requirement, or of an excuse

for delay in performance, when caused by the inability of the injured person to comply. (*Walden* v. *City of Jamestown*, 178 N. Y. 213.) In this complaint, however, not only is there no allegation of compliance, but no excuse for the failure to present a claim is alleged."

The State has waived its immunity from liability in those cases only in which the statute has been complied with. In *Buckles* v. *State of New York* (221 N. Y. 418, 424) it was said: " The State cannot be sued without its consent and it has the right, in authorizing the maintenance of proceedings for the recovery of claims against it, to impose such terms and conditions and to prescribe such procedure as its legislative body shall deem proper. The conditions imposed become jurisdictional facts and determine the status and right of the litigant."

The motion is granted and an order may be submitted accordingly.

RYAN, J., concurs.