LOUIS FEDERMAN, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Court of Claims, April 19, 1940.

*Maurice B. Gladstone,* for the claimant.

*John J. Bennett, Jr., Attorney-General [Harold Greenstein, Assistant Attorney-General,* of counsel], for the defendant.

GREENBERG, J. The claim herein is for damages alleged to have been sustained by the claimant because of the negligence of the State of New York and its employees on April 1, 1937, while claimant was serving a sentence at a State prison. On May 24, 1937, while claimant was still serving his sentence, a notice of intention to file a claim was filed with the clerk of the Court of Claims and served upon the Attorney-General. Thereafter on November 30, 1938, claimant was paroled and his parole period terminated on June 17, 1939.

During the term of claimant's sentence to the State prison, all his civil rights were suspended (Penal Law, § 510) and he was under a legal disability. During that period, and within ninety days from the date when he sustained the injuries for which he now seeks to recover damages, claimant filed the notice of intention to file a claim and now, within two years after the removal of the disability and the restoration of his capacity to sue, seeks leave to file his claim.

Subdivision 3 of section 10 of the Court of Claims Act provides that a claim to recover damages for personal injuries caused by

the tort of an officer or employee of the State must be filed within ninety days after the accrual of such claim unless the claimant shall, within such time, file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim. Subdivision 5 of section 10 of the Court of Claims Act provides as follows: " A claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent's death. * * * But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed."

Section 19 of article 3 of the Constitution of the State of New York contains the identical provision with respect to the right of a claimant under disability to present a claim against the State within two years after such disability is removed.

Claimant has complied with subdivision 3 of section 10 of the Court of Claims Act by filing his notice of intention to file a claim with the clerk of the Court of Claims, and served a copy of same upon the Attorney-General. If the filing and service during the period of claimant's legal disability is valid, claimant has presently the right to file his claim. The filing of the notice of intention to file the claim is not, in my opinion, the exercise of a civil right within the meaning of section 510 of the Penal Law. The right to sue is a civil right and is, under section 510, suspended during the sentence of imprisonment in a State prison. However, the filing of the notice of intention to sue, as distinguished from the filing of the claim, cannot be construed or interpreted as a commencement of an action. The provisions of subdivision 3 of section 2 of the Court of Claims Act, requiring the filing and service of a notice of intention to file a claim within the ninety-day period is a condition precedent to the cause of action or claim. " The plaintiff failed to serve this notice within the time prescribed. The record discloses no reason relieving plaintiff from complying with this statutory requirement, which is a *condition precedent to beginning the action.*" (*Biggs* v. *City of Geneva*, 184 N. Y. 580, 581.) Reference to the notice to file a claim as a condition precedent is also made by the Court of Appeals in *Jones* v. *City of Albany* (151 N. Y. 223, 226). Chief Judge EARL, writing for the Court of Appeals in *Curry* v. *City of Buffalo* (135 N. Y. 366, 370), said: " The commencement of the action cannot be considered as a notice of intention to commence the action, because the notice must be filed before the commencement of the action, and as a condition to the maintenance thereof."

There is no distinction between the notice referred to in the above-cited cases and the notice of intention to file a claim required by the Court of Claims Act. (*Baronness* v. *State*, 153 Misc. 212.)

In my opinion the service and filing of the notice of intention to file a claim was duly made in accordance with the provision of the Court of Claims Act, and the application now before the court is made within two years after claimant's legal disability was removed, and is, therefore, timely.

The motion for leave to file a claim herein, in all other respects complies with subdivision 5 of section 10 of the Court of Claims Act, and the motion is, therefore, granted, provided the proposed claim is filed within thirty days from the date of entry of this order. Submit order accordingly.