In the Matter of the Claim of HAZEL MURRAY, Respondent, against CITY OF WATERVLIET, Appellant.— Appeal from an order of the Supreme Court made at a Special Term in Rensselaer County. Under the provisions of

subdivision 5 of section 50-e of the General Municipal Law, the order grants plaintiff leave to serve upon defendant city the notice of her claim against it in tort which by subdivision 1 of said statute was required on or before March 23, 1951. The motion therefor was returnable the following December 21st, two days before the expiration of the time it was barred, viz., one year from the happening of her accident upon which the claim is based for injuries due to a fall occasioned by an alleged defect in a sidewalk. Her proofs are to the effect that her injuries confined her to her home until February 1, 1951; that she first consulted an attorney in October, 1951, and generally that until "beyond" the ninety-day period she was, in the opinion of her attending physician, "physically and mentally unable to devote herself to any legal comprehension and activities therein concerned". Her moving papers fail to otherwise show the duration of her disability, and thus fail to show that her application for leave was within a reasonable time after the expiration of the disability she relies upon as excusing her failure to have served the notice within the prescribed ninety-day limit. (*Matter of Ruskin* v. *City of New York*, 271 App. Div. 934, motion for leave to appeal denied 271 App. Div. 1023; *Matter of Fabiani* v. *Town of North Hempstead*, 272 App. Div. 1016.) Order reversed on the law and the facts and the motion denied, without costs. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.