In the Matter of FRANCES MATRISCIANO, Respondent, against CITY OF NEW YORK, Appellant.— Upon an application under subdivision 5 of section 50-e of the General Municipal Law, it appears that the notice of claim was served by registered mail ninety-three days after the claim arose and that the late service was not due to any incapacity of the claimant or other reason which is a ground for the exercise of discretion in permitting late service. It appears further that the appellant acknowledged receipt of the notice and thereafter examined the claimant. The City of New York appeals from an order permitting the late service and directing the city's comptroller to accept such service. Order reversed, with $10 costs and disbursements, and the motion denied, without costs. The court is without discretion to allow late service for any reason other than those stated in the statute. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.

EDWIN R. LA VIN, Respondent, v. RUSSELL C. LA VIN et al., Defendants, and LEBIS HOTEL MANAGEMENT CORP. et al., Appellants.— In a stockholder's derivative action, Special Term granted plaintiff's motion to strike out the counterclaim contained in appellants' answer to the amended and supplemental complaint in connection with the tenth cause of action, without prejudice to any independent action which appellants may have against the Sanford Hotel Corp. The appeal is from the order insofar as it strikes out the counterclaim. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.

NEW YORK TRAP ROCK CORPORATION, Respondent, v. TOWN OF CLARKSTOWN, ROCKLAND COUNTY, et al., Appellants.— In an action for a declaration as to the validity of a local zoning ordinance, wherein the defendants counterclaim for an injunction on the ground that plaintiff's quarrying operations constitute a nuisance, order, granting plaintiff's motion, under section 262 of the Civil Practice Act, for a severance, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.

MARGARET O'CONNOR, as Administratrix of the Estate of BARTON O'CONNOR, Deceased, Appellant, v. COMPLETE MACHINERY & EQUIPMENT CO., INC., Respondent.— In an action to recover damages resulting from the death of plaintiff's intestate, plaintiff appeals from a judgment entered upon a decision of the trial court dismissing her complaint at the close of plaintiff's evidence. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ.