In the Matter of WILLIAM J. KREUZER et al., Respondents, against NEW YORK CITY HOUSING AUTHORITY, Appellant.— The petitioners are husband and wife. On December 20, 1951, petitioner wife was injured as a result of a fall on an icy sidewalk maintained by the New York City Housing Authority. She was confined to the hospital until December 24, 1951, and to her home for about three weeks. Thereafter she made several visits to her doctor, performed some of her household duties, but suffered painful headaches and was in a daze most of the time. About a month after the accident two representatives of the New York City Housing Authority visited her and obtained a written statement from her and advised her not to retain an attorney, and that the matter would be taken up with her again. The New York City Housing Authority did not produce the statement nor deny that such advice was given. On March 19, 1952, the last day of the ninety-day period provided for in section 50-e of the General Municipal Law, petitioners retained an attorney, who filed a notice of claim on March 20, 1952 — one day after the expiration of the ninety-day period. By notice of motion dated December 18, 1952, eleven months and twenty-nine days after the accident and about nine months after the expiration date of the ninety-day period, petitioners moved for an order validating the notice of claim and extending their time to file a notice of claim *nunc pro tunc* as of March 19, 1952, or, in the alternative, that the written statement obtained by the authority's representatives be deemed a notice of claim. Special Term granted petitioners' motion to validate the notice of claim filed March 20, 1952, and extended petitioners' time to March 20, 1952, and granted the authority's motion for reargument, but on reargument adhered to the original decision. The authority appeals from the order on reargument insofar as the court adhered to the original decision. Order insofar as appealed from reversed on the law and the facts, without costs, and motion dated December 18, 1952, denied, without costs. The court is without discretion to allow late service for any reason other than those stated in the statute. There is no showing that petitioners were mentally or physically incapacitated during the entire ninety-day period and that the failure to file was due to such disability. Moreover, the petitioners failed to give any explanation for the unreasonable delay in applying to the court to validate the notice of claim. Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ., concur.