In the Matter of VIOLA POLITE, Petitioner, against COUNTY OF NASSAU, Respondent.

Supreme Court, Special Term, Nassau County, March 24, 1955.

*Milton S. Teicher* for petitioner.

*G. Burchard Smith, County Attorney* (*Theodore Velsor* of counsel), for respondent.

RITCHIE, J. This is an application for leave to serve a notice of claim on the County of Nassau. The accident which is the subject matter of the proposed claim, occurred on November 22, 1954. On January 31, 1955, a notice was sent by the claimant to the County Attorney by *regular mail.* It is conceded by the County Attorney that this notice was actually received on February 1, 1955. Inasmuch as the claimant's attorney had enclosed a card requesting notification of the receipt of the notice, which card was not returned, he communicated with the office of the County Attorney to ascertain if, in fact, the notice had been received. He was eventually informed that the notice had been received, but was being treated as ineffective, in that the same had not been sent by registered mail as required by subdivision 3 of section 50-e of the General Municipal Law.

The claimant herein cites the case of *Teresta* v. *City of New York* (304 N. Y. 440), in support of his contention that the county has waived strict compliance with the statute by virtue of its having retained the notice instead of returning it. The county submits the same case as authority for its position that no waiver is present under the circumstances of this case. The facts in the *Teresta* case, in and of themselves, distinguish it from the instant case. There, not only did the city comptroller fail to return the notice, but in addition, he examined the claimant. Under the existing statute (§ 50-e, subd. 3), such examination constituted a statutory waiver. No examination was had

in the case at bar, and the further language of the Court of Appeals in the *Teresta* case indicates that a mere retention of the notice would not constitute a waiver. The Court of Appeals stated (p. 443): "Instead of returning the regularly mailed notice * * * or simply ignoring it * * * an executive officer * * * proceeded to hold an examination in connection with the claim" (emphasis supplied). This language clearly indicates that ignoring a notice considered to have been improperly served, would not constitute a waiver.

In any event, I do not believe that I need rely upon or look to any reported decision for a determination of this matter. As I read the old statute and the new, taking into consideration the studies and reports of the judicial council, I believe the Legislature has decided this matter by virtue of its enactment of the latest statute relating to this subject.

The judicial council, in its Tenth Annual Report and Studies (1944, pp. 265–296), recommended improvements and unification of notices of claim against municipal corporations. One of the subdivisions recommended for inclusion in the proposed statute (General Municipal Law, § 50-e) was as follows, in pertinent part (p. 266): "5. No notice of claim served under the provisions of this section shall be deemed invalid or insufficient because of any inaccuracy, misdescription, mistake, omission, failure, irregularity, or defect in said notice, or *in the manner of its service,* provided it shall appear that there was no intention to mislead the other party, and that such party was not, in fact, misled thereby" (emphasis supplied).

However, when the proposed bill reached the Legislature, it was amended so that the portion thereof pertaining to "the manner of its service" italicized above was omitted. The Legislature changed the wording so that the quoted portion was deleted and the words "not pertaining to the manner or time of service thereof" substituted therefor. It is quite apparent, therefore, that the Legislature considered the proposed amendment, but did not wish to include defects in the manner of the service of the notice among those irregularities or defects which could be corrected in the discretion of the court (General Municipal Law, § 50-e, subd. 6). I do not perceive wherein the Legislature could have better expressed its intent than by the language used. "A statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration"

(*Lawrence Constr. Corp.* v. *State of New York,* 293 N. Y. 634, 639).

In view of the foregoing, I am of the opinion that the statute here involved contains an expression of legislative intent depriving me of any judicial discretion in the matter, and the application is accordingly denied.