In the Matter of HORACE BATES, Petitioner, against COUNTY OF ONONDAGA, Respondent.

Supreme Court, Special Term, Onondaga County, April 26, 1955.

*Paul Muscarella* for petitioner.

*Julian W. Edgcomb, County Attorney,* for respondent.

DEL VECCHIO, J. This is a motion by petitioner for an order permitting him to file a claim *nunc pro tunc* and a cross motion by the respondent for an order directing the rejection of the alleged claim filed against the respondent on the ground it was not filed within the statutory time therefor.

The petitioner was injured in June, 1954, while an inmate at the Onondaga County Penitentiary. He was discharged on November 16, 1954, and served a notice of claim against Onondaga County on or about February 4, 1955.

The petitioner asserts that by reason of the pain and worry caused by his injuries he was incapacitated from making inquiries to ascertain if any one was legally liable and that he did not consult an attorney until the latter part of January, 1955.

The respondent points out that petitioner's motion papers contain no proof indicating he was so mentally or physically incapacitated that he was unable to serve a notice of claim during the ninety-day period following the date when the claim arose.

Subdivision 1 of section 50-e of the General Municipal Law requires that, where a notice of claim in a tort action is required as a condition precedent to an action against a public corporation, it must be given within ninety days after the claim arises, and subdivision 5 provides that where the claimant is mentally or physically incapacitated and notice is not timely filed the court, in its discretion, may grant leave to serve the notice within a reasonable time after the expiration of the time specified but application for such leave must be made within the period of one year after the event.

The power of the court is limited and it may exercise its discretion to extend the time for serving a notice of claim only where an infant or person mentally or physically incapacitated is concerned and is without discretion to allow late service for any other reason. (*Matter of Kreuzer* v. *New York City Housing Auth.*, 282 App. Div. 881; *Matter of Martin* v. *School Bd. of Union Free Dist. No. 28* [*Long Beach*], 301 N. Y. 233; *Matter of Murray* v. *City of Watervliet*, 280 App. Div. 1012; *Matter of Matrisciano* v. *City of New York*, 281 App. Div. 1046.)

The petitioner's injuries did not render him mentally or physically incapacitated to the extent that he could neither seek nor acquire information as to his rights and imprisonment is not a condition of physical inability excusing compliance with the requirement of section 50-e. (*Baronness* v. *State of New York*, 153 Misc. 212; *Federman* v. *State of New York*, 173 Misc. 830.)

Petitioner's application must be denied unless there is merit to his contention that by reason of the provisions of section 60 of the Civil Practice Act, section 510 of the Penal Law and section 19 of article III of the New York State Constitution, the ninety-day period in which to serve a notice of claim is suspended during the period of his confinement in the Onondaga County Penitentiary.

This court is of the opinion that section 19 of article III of the Constitution applies only to claims against the State and that section 60 of the Civil Practice Act and section 510 of the Penal Law suspend the time in which to commence an action as distinguished from the time in which to serve a notice of claim. (*Green* v. *State of New York*, 278 N. Y. 15.)

In *Federman* v. *State* (*supra*), the court said at page 831: "The filing of the notice of intention to file the claim is not, in my opinion, the exercise of a civil right within the meaning of section 510 of the Penal Law. The right to sue is a civil right and is, under section 510, suspended during the sentence of imprisonment in a State prison. However, the filing of the notice of intention to sue, as distinguished from the filing of the claim, cannot be construed or interpreted as a commencement of an action."

The court also pointed out that there is no distinction between the notice of claim involved in this case and the notice of intention to file a claim required by the Court of Claims Act.

Section 50-e of the General Municipal Law does not give the court power to extend the time to serve a notice of claim in cases where claimants are inmates of a penal institution. As the Court of Appeals pointed out in the *Martin* case (*supra*) prior to the enactment of the present section 50-e the Judicial Council submitted to the Legislature a proposed section which differed in many ways from the statute actually passed. Among other things, the council called the attention of the Legislature to the absence in the statute as it then existed of any exception in favor of a claimant under a legal disability. Despite that fact, however, the Legislature has seen fit to make an exception only in cases of infants and persons mentally or physically incapacitated; it has not authorized this court to permit late filing of a notice of claim by one in claimant's position.

The application is denied and the claim rejected.

Order accordingly.