In the Matter of BENJAMIN F. OGDEN, JR., Petitioner, against CITY OF SYRACUSE, Respondent.

Supreme Court, Special Term, Onondaga County, July 25, 1955.

*Julius Datler* and *Sydney Blumberg* for petitioner.

*George T. Driscoll, Corporation Counsel* (*Robert J. Cooney, Jr.,* of counsel), for respondent.

DEL VECCHIO, J. This is an application for an order permitting service of a late claim upon the City of Syracuse on the ground that applicant was physically incapacitated to serve a notice of claim within the time limited therefor.

The applicant alleges that on February 18, 1955, while walking on an icy ramp at Hancock Air Field in Syracuse, New York, he fell and fractured the tibia and fibula of his right leg. He was immediately taken to a Syracuse hospital where a Paris cast was placed on his foot. He was released from said hospital on March 7th, when he returned by airplane to his home, in New York City. He was first treated by a physician in New York City on March 16th, when the cast was changed; the new cast was removed on or about May 19th.

Applicant's time to file a notice of claim expired May 20, 1955. He consulted his attorney on or about June 20th, and the notice of motion and affidavits in support thereof were served July 8th, returnable July 18th.

The respondent's affidavit has attached a notice dated April 21st, received by the City of Syracuse from the Travelers Insurance Company of New York City, informing the city that claimant, an employee of Amos Parrish Co., had been injured in an accident under circumstances which might involve the city's responsibility and further informing the city of the Travelers Insurance Company's lien under the Workmen's Compensation Law.

In his reply affidavit, applicant states that his employer, upon receiving the information concerning the accident, notified the insurance carrier, a representative of which called at applicant's home and obtained "a statement as to the accident and the extent of the injuries".

Subdivision 1 of section 50-e of the General Municipal Law requires that a notice of claim must be given within ninety days after the claim arises. Subdivision 2 provides that *"The notice shall be in writing, sworn to by or on behalf of the claimant"*. (Emphasis supplied.) Subdivision 5 provides that where the claimant is mentally or physically incapacitated and notice is not timely filed, the court, in its discretion, may grant leave to serve the notice within a reasonable time after the expiration of the time specified but application for such leave must be made within the period of one year after the event.

The power of the court is limited and it may exercise its discretion to extend the time for serving a notice of claim only where an infant or person mentally or physically incapacitated is concerned and is without discretion to allow late service for any other reason. (*Matter of Kreuzer* v. *New York City Housing Auth.*, 282 App. Div. 881; *Matter of Martin* v. *School Bd. of Union Free Dist. No. 28* [*Long Beach*], 301 N. Y. 233; *Matter of Murray* v. *City of Watervliet*, 280 App. Div. 1012; *Matter of Matrisciano* v. *City of New York*, 281 App. Div. 1046.)

The applicant's injuries did not render him mentally or physically incapacitated to the extent that a notice in writing could not be sworn to by him or someone in his behalf.

The Court of Appeals has so held in several cases where the injuries were similar to and more serious than those received by the applicant. (*Matter of MacFarland* v. *Town of North Hempstead*, 303 N. Y. 925; *Matter of Sullivan* v. *Town of Babylon*, 302 N. Y. 609; *Matter of Donovan* v. *Board of Educ. of*

*Peekskill Union Free School Dist.,* 301 N. Y. 739; *Matter of Auricchio* v. *City of New York,* 299 N. Y. 607; *Matter of Haas* v. *Incorporated Vil. of Cedarhurst,* 298 N. Y. 757.)

The applicant directs the court's attention to three lower court decisions which granted permission to file late claims in situations analogous to the facts at bar. No appeals were taken from those determinations however.

In the case of *Matter of Braunstein* v. *City of New York* (272 App. Div. 1060), also cited by applicant, the Second Department in 1947, affirmed an order of Special Term granting permission to file a late claim. However, in 1950 in *Matter of Donovan* v. *Board of Educ. of Peekskill Union Free School Dist.* (277 App. Div. 904), the same department, on the authority of *Matter of Haas* v. *Incorporated Vil. of Cedarhurst* (*supra*), affirmed an order denying a similar application, the majority of that court refusing to follow the *Braunstein* case. The *Donovan* decision was subsequently affirmed by the Court of Appeals (301 N. Y. 739, *supra*).

This court is satisfied that the applicant has failed to show that his injuries physically incapacitated him so as to prevent him from serving a notice of claim sworn to by him or by someone in his behalf within the required time and therefore denies the application.

Order accordingly.