L. Barron Hill, J.
By this motion, defendant, County of Nassau, seeks an order dismissing the complaint,- pursuant to rule 106 of the Rules of Civil Practice, for failure to state facts sufficient to constitute a cause of action.
The complaint alleges: Plaintiff was injured, on or about June 15, 1951, at the county jail, Nassau County, New York, due to the negligence of defendant. Plaintiff was in the jail awaiting trial for a felony indictment as to which he subsequently pleaded guilty to a misdemeanor and was sentenced to one year in the county jail less time for good behavior. At the time of his arrest on this felony charge, he was on parole from the State penitentiary at Ossining, New York, where he had been sentenced for a felony violation. Upon his release from the county jail, he was returned to the State penitentiary for violation of his parole where he remained until August 11,1953 when he was again released on parole which terminated on November 11,1956. Plaintiff’s civil rights were at all times suspended from June 15, 1951 to November 11, 1956. A notice of claim served by plaintiff, on defendant, on or about June 7, 1954, was dismissed by order of this court, dated September 17, 1954 without prejudice to plaintiff renewing and reserving the said notice on termination and discharge of plaintiff from parole. On December 3, 1956, within 30 days of termination of his legal disability, a new notice of claim was served on defendant and that 90 days has since elapsed without any action by defendant.
Defendant contends that for plaintiff to state a cause of action it is essential that the complaint allege that the requisite notice of claim be filed within 90 days of June 15, 1951 (Nassau County Administrative Code, ch. XI, tit. A, § 4.1; General Municipal Law, § 50-e; Winter v. City of Niagara Falls, 190 N. Y. 198, 203).
*231 Plaintiff asserts that since his civil rights were suspended, by virtue of section 510 of the Penal Law, from June 15, 1951 to November 11, 1956, he could not file such a notice of claim until on or after November 11, 1956, and that he filed his claim within a reasonable time thereafter.
Unlike Statutes of Limitations within which actions can be commenced wherein legal disabilities such as infancy are recognized to toll the statute, it has never been the law in this State that those under a legal disability are excused from failing to file notices of claim against municipalities within the statutory time where such filing is a condition precedent to liability of the municipality (Russo v. City of New York, 258 N. Y. 344, 349; Winter v. City of Niagara Falls, supra; Matter of Martin v. School Bd. [Long Beach], 301 N. Y. 233).
However, since the enactment of section 50-e of the General Municipal Law, it appears that the discretion of the courts in recognizing reasonable and excusable delays has not only been limited in time but has also been limited to the types of disability which may be accorded relief; viz., infancy and mental or physical incapacity (General Municipal Law, § 50-e, subd. 5; Matter of Martin v. School Bd. [Long Beach], supra; Matter of Bates v. County of Onondaga, 207 Misc. 767, 769). Imprisonment, per se, has not been accorded any recognition as a ground for failing to file required notices of claim within the requisite time (Matter of Bates v. County of Onondaga, supra; Baronness v. State of New York, 153 Misc. 212). Further, it has been held that the filing of a notice of claim is not a civil right within the meaning of section 510 of the Penal Law (Federman v. State of New York, 173 Misc. 830).
The complaint fails to comply with the statutory requirements of section 4.1 of title A of chapter XI of the Nassau County Administrative Code and must be dismissed. It is my opinion that the holding of Matter of Martin v. School Bd. (Long Beach) (supra) precludes plaintiff from ever serving a valid notice of claim in this instance, consequently, the motion is granted without leave to plaintiff to serve an amended complaint.
Settle order.