Vihoent A. Lupiaíto, J.
This is an application for leave to serve a notice of claim upon the City of New York and the Department of Correction of the City of New York pursuant to subdivision 5 of section 50-e of the General Municipal Law. Claimant is an adult. In 1957 he was sentenced to a term at Biker’s Island prison where he was assigned by the authorities to the hospital kitchen as a cook. On January 5, 1958, as he attempted to light the gas oven, it exploded, causing him certain alleged serious burns about his body, including his arms and eyes. He was confined to the hospital at said institution from January 5, 1958 to February 18, 1958. Several days after the accident he requested a fellow inmate to write a letter on his behalf to his lawyer, since he was physically unable to do so. The next day, petitioner alleges, the officer in charge of the hospital came to his bedside and told him that such a letter, as had been written to his lawyer, would not be permitted to be sent out of the prison; therefore, he was holding the letter. Thereafter, upon his release from the hospital, he was reassigned to the prison and while there caused a letter to be written to the Commissioner of Correction. Again, he alleges, he was told by the acting warden that such a letter would not be permitted to be sent out; that he was immediately shipped back to Biker’s Island prison in consequence thereof.
He further avers that on June 10, 1958, he was released from prison and immediately went to his attorney’s office where he advised his attorney of the facts and circumstances; that the instant application was promptly made.
The application is opposed by the city upon the ground that applicant fails to show he was prevented from making his claim by reason of infancy, physical or mental disability, as required by section 50-e. Upon the facts presented, I am of the ultimate conviction that the physical disability of claimant in the hospital for the first 44 days and the refusal of the prison authorities to *913 permit him to communicate with his lawyer, or with the Commissioner of Correction, was such a physical disability as was within the area of the application of the statute. To hold otherwise would be tantamount to using the statute as a trap. The court is not limited in the exercise of its discretion in a situation as is here presented where the claimant’s incapacity has rendered it impossible for him to serve the notice of claim within the 90-day period.
The application is accordingly granted. Settle order.