Samuel W. Eager, J.
This is an application, allegedly pursuant to section 50-e of the General Municipal Law to file a notice of claim for wrongful death, after the statutory period of 90 days. An infant, nine years of age, was injured in an *944 accident occurring on June 26, 1958, on a town highway, in the Town of Orangetown, and the negligence of the town is alleged to have contributed to the accident. The infant died on June 28, 1958, and an administrator of her estate was appointed on July 25, 1958. Therefore, the claim for wrongful death was required to be filed 90 days after his appointment. (See White v. City of N. Y., 302 N. Y. 726; Motyka v. City of Oswego, 133 N. Y. S. 2d 816, affd. 285 App. Div. 1013, affd. 309 N. Y. 881.)
On October 24,1958, which was 91 days after the appointment of the administrator, a notice of claim was sent by the administrator by ordinary mail to the Town Supervisor, and received by him on October 27,1958.
The application is in all respects denied. The mailing of the notice by ordinary mail was not in compliance with the statute. (General Municipal Law, § 50-e.) Under the circumstances, the court has no discretion in the matter and may not relieve the administrator from his default. (Matter of Polite v. County of Nassau, 207 Misc. 622.) The fact that the notice was mailed to the supervisor but one day after the expiration of the statutory period and actually received a day or two later by the Town Supervisor is immaterial. (Matter of White v. City of N. Y., 285 App. Div. 69; Matter of Matrisciano v. City of N. Y., 281 App. Div. 1046; Matter of Kreuser v. New York City Housing Auth., 282 App. Div. 881.) Likewise immaterial, is the alleged lack of prejudice to the municipality and its insurance carrier, claimed to exist because of the acquiring by them of full knowledge of the claim shortly after the accident and the making by them of a full and complete investigation, all within the 90-day period. (See Fox v. Village of Fleischmanns, 178 Misc. 454; Adormino v. Village of Mount Morris, 171 Misc. 383; Thomann v. City of Rochester, 256 N. Y. 165.) “What the law commands is not knowledge, but written notice of the claim for damages.” (Fox v. Village of Fleischmanns, p. 456, supra.) “It may be well that more latitude should be allowed the court in relieving situations of hardship or marked injustice where the time has run out; but that is a matter of legislative policy.” (Matter of White v. City of N. Y., p. 70, supra.)
The attorney for the administrator says he called the supervisor of the town on the telephone on the last day for timely service of the notice of claim, and received permission from him to mail it to him by ordinary mail, and that it was so mailed on the next day. These facts do not help the applicant, for they are not effective to constitute a waiver of statutory requirements, nor is the town thereby estopped from asserting non *945 compliance with the statute. (Parsons v. Village of Dannemora, 275 App. Div. 738; Adonnino v. Village of Mount Morris, 171 Misc. 383; Merwin v. City of Utica, 172 App. Div. 51; Rudolph v. City of N. Y., 191 Misc. 947; Balfour v. City of Watertown, 105 N. Y. S. 2d 950.) In any event, where there has been a failure to comply with the statute with respect to the time or manner of service of a notice of claim, the court is not given the power upon a motion, independent of an action, to relieve the claimant of his default upon the ground of a waiver by or estoppel of the municipality. (General Municipal Law, § 50-e; Matter of McKiernan v. Board of Educ., 1 Misc 2d 925.)
The administrator contends that in any event he should be given permission to file a notice of claim for conscious pain and suffering, etc., in behalf of estate of deceased infant. This claim became vested in the administrator on his appointment; and while it is possible, though not probable, that infancy may have been a reason for not serving a notice of claim during the short period the infant lived, the infancy furnishes no excuse for the failure of the administrator to act within 90 days of his appointment. There is no reason why a longer period should be allowed for asserting the claim for conscious pain and suffering than for asserting the death claim. (Mulligan v. City of New York, 273 App. Div. 152.)
Settle order on notice at Chambers, Middletown, N. Y.