■ RAYMOND TORRES, JR., an Infant, by RAYMOND TORRES, SR., His Guardian ad Litem, et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

APPEAL from order of the Supreme Court at Special Term, entered January 4, 1961, in New York County, which granted a motion by plaintiff for an order to serve an amended notice of claim on defendant.

MEMORANDUM BY THE COURT. Order entered on January 4, 1961, amending plaintiffs' notice of claim and granting leave to plaintiffs to serve such amended notice of claim, unanimously reversed, on the law, with $20 costs and disbursements to appellant, and the motion denied, with $10 costs. It may be inferred that the notice of claim herein erroneously served on the City Comptroller came to the notice of the Board of Education within the period provided for in section 50-e of the General Municipal Law. The answer served in this action was verified by the Secretary of the Board of Education and the Corporation Counsel of the city, who is also attorney for the board, examined the claimant. For these reasons the notice of claim is deemed valid and service of an amended notice is not required (cf. *Zwyak* v. *Board of Educ.*, 282 App. Div. 704).

STEUER, J. (concurring). While I concur in the result reached by the majority, namely, that the order granting the amendment to the notice of claim should be reversed, I am in opposition to the grounds upon which that result was reached and to what amounts to a direction to the trial court as to how to proceed in regard to the notice.

The amendment sought is to correct the title of the notice from one addressed to the City of New York to one addressed to the Board of Education. The gravamen of the majority opinion is that the amendment is unnecessary on the theory that the plaintiff may proceed to recovery on the notice as it was addressed. It is my opinion that such a procedure is not permissible and that the notice does not comply with the requirements of section 50-e of the General Municipal Law. Primarily, it is not disputed that the City of New York and the Board of Education are separate entities, and notice to one is not notice to the other (*Matter of Divisich* v. *Marshall*, 281 N. Y. 170; *Salner* v. *City of New York*, 12 A D 2d 771; *Matter of Krauss* v. *Board of Educ.*, 199 Misc. 505; see Administrative Code of City of New York, § 394-a-1.0, subd. c). It

is true that where a notice served upon the city is delivered by its officers to the board within the time limit, the service has been recognized as a valid service on the board (*Zivyak* v. *Board of Educ.*, 282 App. Div. 704; *Matter of Stallone* v. *Board of Educ.*, 205 Misc. 697). However, there is no allegation that this occurred in this case. Notice to the board here is predicated upon two facts. Neither of these grounds is significant. The first is that the Corporation Counsel conducted an examination of plaintiff. It is true that where notice to the city is defective but nevertheless the city proceeds as if the notice were valid and examines the claimant in regard to it, the city cannot thereafter complain of the invalidity of the notice (*Teresta* v. *City of New York*, 304 N. Y. 440; *Matter of Drake* v. *Comptroller of City of N. Y.*, 278 App. Div. 317). This is on the theory that the city thereby waives the formal service of the notice as it has taken advantage of the procedures to which it is only entitled upon receipt of notice of a claim. It cannot be argued with any semblance of logic that the city may waive rights which belong to another and distinct entity. Whatever the city did would not be binding on the Board of Education. Nor is it significant that the Corporation Counsel who conducted the examination is also the statutory attorney for the board. It is not contended that his examination was conducted on behalf of the board. It was held, pursuant to the notice, on behalf of the city. An attorney who acts for one client cannot by his conduct bind a client for whom he is not acting. This is not a technical distinction. In a very large law office such as that of the Corporation Counsel (one of the most active law offices in the world), which is necessarily departmentalized with separate assistants handling matters of separate municipal organizations and departments, it cannot be said that in fact the acts on behalf of one organization are done on behalf of another. So both in legal theory and in fact, the examination on behalf of the city was not an examination on behalf of the board and accordingly in no sense a waiver by the board.

Section 50-e of the General Municipal Law provides that, in any event, notice must be served within one year of the happening of the accident. In this case suit was started within one year. The memorandum opinion states that the claim thereby came to the attention of the board within one year and is therefore valid. For several reasons this is not a position which can be maintained. Knowledge that the plaintiff is making a claim is of no effect. The mere fact that the municipal body is aware that liability is being or about to be asserted against it does not excuse serving the notice of intention to sue (*Munroe* v. *Booth*, 305 N. Y. 426; *Matter of Kreuzer* v. *New York City Housing Auth.*, 282 App. Div. 881; *Parsons* v. *Village of Dannemora*, 275 App. Div. 738; *Matter of Cavagnol* v. *Town of Orangetown*, 17 Misc 2d 943, 944; see *Matter of Martin* v. *School Bd.*, 301 N. Y. 233, 236; *Thomann* v. *City of Rochester*, 256 N. Y. 165, 172). If the contrary were the law, a suit within the statutory period would dispense with notice and the contention (made frequently in the days when the statute was enacted and less often since then) that the complaint was notice, would not have been universally and summarily rejected (*Arthur* v. *Village of Glens Falls*, 66 Hun 136; *Dawson* v. *City of Troy*, 49 Hun 322; *Bauer* v. *City of Buffalo*, 44 N. Y. St. Rep. 814, 18 N. Y. S. 672; see *Natoli* v. *Board of Educ.*, 277 App. Div. 915, affd. 303 N. Y. 646). Another infirmity in the reasoning which supports the contention is that even if, contrary to all the decided law, it be assumed that the complaint is a notice of claim, it is, prima facie, a defective notice. The notice must be served within 90 days of the accident, unless on application to the court the time is extended for cause shown (General Municipal Law, 50-e, subds. 1, 5). No such application was made here and there is nothing to show that one

should have been entertained. In fact, by serving the wrong party plaintiff establishes that there was no disability which would have prevented service on the right party.

It is true that the provisions of the General Municipal Law in regard to notice have been subjected to a process of erosion in which this is just a small incursion. Really prodigious efforts have been made to keep stale claims from perishing, requiring in many instances equally valiant attempts after verdict to prevent injustice, when it is seen that in the majority of instances stale claims are unfounded claims.

McNally, J. P., Stevens, Eager and Bastow, JJ., concur in decision; Steuer, J., concurs in opinion.

Order unanimously reversed, and the motion denied, with $10 costs.