John P. Gualtiebi, J.
This is a claim against the State of New York for damages resulting from the alleged false imprisonment and illegal arrest of the claimant by members of the State Police.
This case was heard by a distinguished member of this court, Honorable Charles T. Major, who passed away before he was able to hand down his decision. By stipulation of counsel, this matter is being adjudicated upon the record.
The facts are not much in dispute. On August 3, 1958, on Grenadier Island in the St. Lawrence River, Province of Ontario, Canada, a woman by the name of Myrtle Hefalen, was assaulted and robbed. Under Canadian law the crime is labelled a “ robbery with violence ”, a felony.
On August 6,1958, at about 4 o ’clock in the afternoon, Trooper Donald Marcellus went to a garage in Alexandria Bay, New York, where the claimant, a resident of the State of New York, was working as a mechanic. Accompanying the trooper was the victim of the robbery, Mrs. Hefalen, who in the presence of both the trooper and the claimant pointed a finger at the claimant and positively identified him as the robber.
The claimant was taken to the State Police barracks in Alexandria Bay where he was briefly questioned. There were present at the barracks members of the Province of Ontario police who had come to Alexandria Bay to enlist the aid of the State Police in the apprehension of the alleged perpetrator of the crime.
He was then taken to the office of the Justice of the Peace where Trooper Marcellus swore to an information charging the claimant with being a fugitive from justice under section 842 of the Code of Criminal Procedure. The Peace Justice thereupon issued a warrant ordering claimant’s commitment in the Jefferson County Jail. The troopers took the claimant to the jail at Watertown arriving there at approximately 9:00 p.m. the same day.
The claimant through an attorney promptly instituted habeas corpus proceedings in the Supreme Court and on August 19, 1958, Supreme Court Justice Henry A. Hudson, signed an order sustaining the writ and directing the claimant’s discharge from prison.
Because the crime was committed in a foreign country section 842 of the Criminal Code had no application. The proper procedure for the detention of the claimant was governed by the provisions of the United States Code and a treaty between the United States and Canada. (U. S. Code, tit. 18, § 3184 et seq.) The provisions of the statutes dictated that the warrant of arrest *487 could have been legally issued only by a United States Commissioner or a Judge of a State court of record.
It appears that following the release of the claimant from jail in the habeas corpus proceeding, the claimant was arrested the same day by a warrant properly signed by a United States Commissioner ; he was thereafter extradited to the Province of Ontario where he was tried for the robbery crime and on December 19,1958, was acquitted.
On May 25, 1959, he instituted the present claim demanding damages in the sum of $56,600 for his alleged illegal imprisonment, loss of earnings and legal expenses incurred.
This claim raises some extremely interesting questions, involving as it does the power and extent of authority of a police officer in connection with a crime committed on foreign soil. Unfortunately, however, we have no jurisdiction to consider it on the merits; it must be dismissed because it was not timely filed.
A claim in tort against the State must be filed within 90 days after the cause of action accrues (Court of Claims Act, § 10, subd. 3). Any conceivable claim against the State accrued on the 6th day of August, 1958, when the alleged false arrest took place; or on August 19,1958, when the claimant was discharged from the county jail by Supreme Court order in the habeas corpus proceeding; or giving the claimant every possible benefit, on December 19,1958, when he won his acquittal in the Province of Ontario. This claim was filed at least five months following the last date recited here.
The claimant seeks to avoid the mandatory provisions of the Court of Claims Act as to the time of filing of claims by invoking the provisions of section 510 of the Penal Law of the State of New York which suspends a man’s civil rights while he is under sentence in a State prison for a stated term. This section has no application because at no time was the claimant under any sentence by any court. He was under no legal disability. Thus, he does not have the benefit of the two-year extension from the time of the termination of the disability granted under subdivision 5 of section 10 of the Court of Claims Act. (Baronness v. State of New York, 153 Misc. 212 [1934]; Federman v. State of New York, 173 Misc. 830 [1940]; Tierney v. State of New York, 266 App. Div. 434, affd. 292 N. Y. 523 [1943]; Nastasi v. State of New York, 185 Misc. 91 [1945]; Pascucci v. County of Nassau, 8 Misc 2d 229 [1957].)
The claim is hereby dismissed.