William R. Roy, J.
This is -a motion commenced by Richard Clair, seeking an order pursuant to subdivision 5 of section 50-e of the General Municipal Law, granting him leave to serve a proposed notice of claim after the expiration of the statutory period set forth in subdivision 1 of section 50-e. Subdivision 1, in substance, states that a notice of claim is required as a condition precedent to the commencement of an action against a public corporation; and further provides that the notice shall be given within 90 days after the claim arises.
Subdivision 5 allows this court, in its discretion, to grant leave to serve a notice of claim within a reasonable time after the expiration of the 90-day period for three specified reasons. It has long been the law of this State that infancy, mental or physical disability may be considered by the court in determining whether or not an extension ,of time to file a notice of claim *548 should be granted. The failure to file must be as the result of the disability.
The facts of this case are that claimant was arrested on May 28, 1971, and imprisoned in the Oneida County Jail until June 18, 1971, when he was released. The charges against the claimant were dismissed on June 16,1971, and he seeks damages for false arrest and false imprisonment against the City of Utica. His alleged cause of action accrued, therefore, on June 16, 1971.
As a result of the arrest previously mentioned, claimant was subsequently imprisoned in Bordentown Reformatory in the State of New Jersey for an alleged parole violation. He was confined in the New Jersey Reformatory from July 16,1971 until December 20,1971.
There is also an allegation in the moving papers that claimant was confined for an additional one-week period in the Oneida County Jail, for some reason unknown to this court, between June 18, 1971 and July 16, 1971. Pursuant to the terms of subdivision 1 of section 50-e of the General Municipal Law, claimant was required to serve his notice of claim upon the City of Utica within 90 days of June 16, 1971, the date upon which the charges against him were dismissed. This is calculated to be service on or before September 14,1971.
Accepting the allegations of the claimant, it does appear that there were approximately three weeks within the 90-day period when claimant was not incarcerated and under no disability, if one did exist, to file his notice of claim.
There is authority found in Pascucci v. County of Nassau (8 Misc 2d 229), that imprisonment per se is not accorded any recognition as a. ground for failing to file required notices of claim within the requisite time. However, it has been recognized that confinement may be tantamount to a physical disability under the particular circumstances of a particular case. (Matter of Jones v. City of New York, 12 Misc 2d 911.)
Claimant asserts CPLR 208 and section 79 of the New York Civil Rights Law to support his contention that the 90-day period commenced to run when claimant was released from the New .Jersey Reformatory.
CPLR 208 concerns itself with the time within which an action must be commenced if at the time the cause of action accrues, a person is imprisoned on a criminal charge or conviction. This section extends the Statute of Limitations and does not apply to the filing of a notice of claim pursuant to section 50-e of the General Municipal Law within the 90-day period. (Corbett v. Fayetteville-Manlius Cent. School Dist., 34 A D 2d 379.)
*549 Section 79 of the Civil Bights Law is likewise inapplicable to this case. Section 79 of the Civil Bights Law suspends all the civil rights of an individual imprisoned within a State prison. This claimant was confined in the Onedia County Jail and in a New Jersey Beformatory. (People v. Ahearn, 196 N. Y. 221.) Claimant relies on Matter of Burns v. City of New York (21 A D 2d 767), which, in effect, held that the suspension of civil rights resulting from sentence for a felony includes suspension of a right to present a claim against a city or to move for leave to serve a late notice of claim. Claimant’s civil rights were not suspended by virtue of this section of the Civil Bights Law while confined in the County Jail. He was under no legal disability to file the required notice of claim.
In the case before this court, claimant claims that he should be allowed to file the late notice of claim inasmuch as he did not have the full 90 days within which to comply with the General Municipal Law. This court feels that claimant was at liberty for a sufficient period of time to file the requisite notice of claim regardless of his periods of confinement, should they be considered periods of legal disability. The court knows of no requirement to sustain claimant’s contention that he be afforded the full 90-day period to file his notice of claim. Many claimants are incapacitated through injury for a good portion of the 90-day period and are .still required to file within the 90-day period unless the disability prevents them from so doing.
Claimant was represented by attorneys throughout the period from his arrest to the ultimate dismissal of the charges. He claims that he was apprehensive about bringing an action of this type while he was incarcerated. The court thinks it reasonable to infer from that allegation that he knew, or at least suspected, that some action was required on his behalf in order to prosecute his case.
In view of all of the circumstances in this case, claimant’s application to file a late notice of claim is denied.