# (November 30, 1972)

■ AUGUST KURTZ, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 45963.) — Appeal from an order of the Court of Claims, entered April 26, 1967, which granted a motion by respondent to dismiss the first, second and third causes of action. No appeal is taken from so much of the order which denied the motion to dismiss the fourth cause of action. In October of 1946 appellant was indicted for the crime of murder in the second degree. On October 25, 1946, by an order of a Justice of the Supreme Court, he was committed for observation to Matteawan State Hospital for a 60-day period. In

his first cause of action, appellant alleges that the order was void on its face and that he was illegally detained beyond the 60 days. On February 13, 1947 appellant was returned to Bellevue Hospital. After examination by psychiatrists, he was found to be incapable of understanding the charges against him or of making a defense, and on March 25, 1947 he was ordered to be recommitted to Matteawan "there to be safely kept and detained * * * until he is no longer in such state of insanity as to be incapable of understanding the charge against him or of making his defense thereto". He remained in Matteawan on this second commitment until May 28, 1963. During his detention, he filed numerous habeas corpus petitions and one *coram nobis* application, all of which were denied. Appellant's second cause of action alleges that his commitment and detention pursuant to the order of March 25, 1947 was void. In his third cause of action, appellant alleges that he was sane and competent at all times during his stay at Matteawan, and that the officials were negligent in failing to discover this. Appellant's fourth cause of action alleges that Matteawan officials wrongfully failed to treat him for various physical illnesses. Although the Court of Claims dismissed the first three causes of action on the ground that no causes of action were stated, we need not reach this question. Subdivision 3 of section 10 of the Court of Claims Act provides: "3. A claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the state while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim." Subdivision 5 of section 10 provides in part that "if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed". Since the requirements of section 10 concerning timeliness of filing are jurisdictional, (*Bommarito* v. *State of New York,* 35 A D 2d 458; *Crane* v. *State of New York,* 29 A D 2d 1001) at any stage of the action the court may, *ex mero motu* refuse to proceed further and dismiss the action (see 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.10). Appellant was released from Matteawan on May 28, 1963. On June 4, 1963 he was committed to Bellevue for 60 days. Thus, while a person committed to a mental institution is under a legal disability within the meaning of the statute (*Boland* v. *State of New York,* 30 N Y 2d 337), appellant was no longer under such a disability after August 4, 1963. However, the claim was not filed until December 16, 1965, more than two years after his disability ceased. Appellant contends, however, that the period of limitation should be measured from December 18, 1963, the date upon which he was finally released from the New York City Prison. There is no merit to this contention. Legal disability attaches to one convicted of crime and sentenced to a State prison (Civil Rights Law, § 79; *Crawford* v. *State of New York,* 37 A D 2d 450). Constraints imposed upon the freedom of a person before conviction and pending further criminal process are not sufficient to constitute disability within the meaning of subdivision 5 of section 10 (*Beebe* v. *State of New York,* 38 Misc 2d 485). Therefore, during the period following his release from Bellevue in August of 1963, and certainly no earlier than his conviction on a guilty plea on November 27, 1963, appellant was under no disability which would extend his time to file beyond a date two years subsequent to his release from Bellevue on August 4, 1963. Moreover, even if appellant under any theory could establish a separate disability after August 4, 1963, such subsequent disability would not toll the two-year limitation contained in the statute (cf. *Gershinsky* v. *State of New York,* 6 A D 2d 964,

affd. 6 N Y 2d 798). We must conclude, therefore, that the Court of Claims was without jurisdiction of any of the causes of action set forth in appellant's claim. For the above-stated reason, claimant's fourth cause of action must also be dismissed, notwithstanding the State's failure to appeal from the denial of its motion to dismiss that claim. Order modified, by reversing so much of the order as denied the motion to dismiss the fourth cause of action, and, as so modified, affirmed, and claim dismissed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.