■ MARTIN B. SCHAFFER, Appellant, v HERBERT B. EVANS, as Chief Administrator of the Unified Court System of the State of New York, et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered October 23, 1980 in Albany County, which, *inter alia,* partially granted the motions of defendants Herbert B. Evans and Edward V. Regan to dismiss the complaint. Plaintiff was appointed law secretary to the Surrogate of Orange County on December 6, 1976. This litigation, instituted as an action for injunctive and declaratory relief, seeks money damages as a result of plaintiff's alleged performance of the tasks customarily performed by law secretaries to State Supreme Court Justices

upon the temporary assignment of the Orange County Surrogate to serve as a Supreme Court Justice. Four causes of action in the complaint seek relief from the State Comptroller and the Chief Administrator of the Unified Court System while a fifth cause of action is against Orange County and its finance commissioner. Before answers were served by any of the defendants, (1) the county moved for an order directing arbitration, (2) both State officials moved to dismiss the complaint on various grounds, and (3) plaintiff cross-moved for summary judgment. Special Term denied both the county's motion and plaintiff's cross motion, and partially granted the motions to dismiss made by the State officials. Only plaintiff has appealed from the order of Special Term. Despite the failure by the State officials to appeal in this matter from those portions of Special Term's order which were adverse to them, we may properly consider their argument, initially raised as part of their respective motions to dismiss and renewed in their briefs on this appeal, that the Supreme Court was without jurisdiction to hear this matter against them (*Kurtz v State of New York,* 40 AD2d 917, affd 33 NY2d 828). Regardless of how plaintiff attempts to characterize this matter in his pleadings, his causes of action against the State Comptroller and Chief Administrator are, in reality, nothing more than claims against the State of New York for money damages (*Psaty v Duryea,* 306 NY 413, 416-417). As such, they may only be entertained in the Court of Claims and the Supreme Court is without jurisdiction to hear them (Court of Claims Act, § 9, subd 4). Accordingly, the four causes of action against defendants Evans and Regan must be dismissed leaving only the one cause of action remaining against Orange County and its finance commissioner. Order modified, on the law, by deleting the second and third decretal paragraphs and substituting therefor a paragraph granting the motions by defendants Herbert B. Evans and Edward V. Regan to dismiss the complaint against them, and, as so modified, affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.