[623 NYS2d 669]

REUBEN K. DAVIS et al., Appellants-Respondents, v ALBERT ROSENBLATT, as Administrative Judge and Chief Administrator of the Courts of the State of New York, et al., Respondents-Appellants.

Third Department, March 16, 1995

APPEARANCES OF COUNSEL

*Pearl & Smith,* Rochester *(Robert J. Pearl* of counsel), and *Joseph A.F. Valenti,* Rochester, for appellants-respondents.

*Michael Colodner,* New York City *(Angela M. Yodice* and *John Eiseman* of counsel), Office of Court Administration, for Albert Rosenblatt, respondent-appellant.

*Dennis C. Vacco, Attorney-General,* Albany *(Frank K. Walsh* and *Peter H. Schiff* of counsel), for Edward V. Regan and another, respondents-appellants.

### OPINION OF THE COURT

MERCURE, J.

Plaintiffs are current and former Rochester City Court Judges who obtained a judgment, *inter alia,* declaring that the disparity between their salaries and those paid to Utica City Court Judges violated their right to equal protection under the law *(see, Davis v Rosenblatt,* 159 AD2d 163, 172, *appeals dismissed* 77 NY2d 834, 79 NY2d 822, *lv denied* 79 NY2d 757). As a result, plaintiffs were each awarded a sum equal to the

difference between his or her salary and the salary paid to Utica City Court Judges from October 1, 1978. Defendant State Comptroller paid the awards in August 1992, in each case making deductions for Federal and State income taxes and taxes under the Federal Insurance Contribution Act (FICA). Plaintiffs then commenced this action seeking an order directing defendants, among other things, to justify the withholding of Federal and State income taxes of 20% and 8.375%, respectively, and to return to each plaintiff the full amount of the Federal, State and FICA taxes withheld. Supreme Court determined that the deductions for Federal and State income tax were proper but that the FICA withholding should have been based upon the tax rate in effect during the various tax years reflected by the award (1978 to 1992) and not only the rate in effect during 1992. Supreme Court also denied plaintiffs' request for an award of counsel fees. The parties cross-appeal.

■ As a threshold matter, we agree with defendants that, because the payments to plaintiffs clearly constitute wages within the all-encompassing definition of 26 USC § 3401 (a) (also applicable to State income taxation by virtue of Tax Law § 607), plaintiffs' application is barred by 26 USC § 3403 and Tax Law § 675, which immunize an employer from liability to an employee in connection with the withholding of Federal and State taxes, respectively. Once, as here, Federal income and FICA taxes and State income tax have been withheld and remitted to the appropriate taxing authorities, the employee's remedy is to file a claim for a refund (see, 26 USC § 7422 [a]; Tax Law § 686 [a]; *Rosenbluth Trading v United States,* 736 F2d 43), which is a prerequisite to legal action (26 USC § 7422 [a]; Tax Law § 689 [c]).

■ Were we to reach the merits, we would deny plaintiffs' application in any event. Although 26 USC § 104 (a) (2) excludes from taxable gross income "the amount of any damages received * * * on account of personal injuries or sickness", we are not persuaded that the award to plaintiffs falls within that category. A considerable body of Federal case law has considered the intended scope of 26 USC § 104 (a) (2), with the United States Supreme Court concluding that causes of action that limit "available remedies to backpay, injunctions, and other equitable relief" are not included *(United States v Burke,* 504 US 229, 238; *compare, Thompson v Commissioner of Internal Revenue,* 866 F2d 709, *with Redfield v Insurance Co.,* 940 F2d 542). Here, the cause of action upon which plaintiffs

prevailed, as fashioned by them in their complaint, sought only equitable relief, including (1) a declaration that the statutory provisions establishing and perpetuating disparate compensation for them and the Utica City Court Judges were unconstitutional as violative of plaintiffs' rights to the equal protection of the laws under the Federal and State Constitutions, and (2) a permanent injunction directing the budgeting, approval and payment of retroactive and prospective salary, fringe benefits and pension contributions and accruals comparable to those of the Utica City Court Judges.

To the extent that the complaint contains a prayer for a money judgment in the amount of back wages due plaintiffs, that element of damages is duplicative of and merely incidental to the primary claim for equitable relief. Nor are we persuaded by plaintiffs' present contention that 42 USC § 1983 forms the "legal basis" for their claim *(United States v Burke,* 504 US, *supra,* at 238, *supra,* at 1872). Clearly, the complaint's reference to that provision is nothing more than a vehicle for an award of counsel fees under 42 USC § 1988. In fact, as correctly pointed out by defendants, Supreme Court would not have had jurisdiction over a claim for traditional tort damages such as would have brought plaintiffs' action within the ambit of 26 USC § 104 (a) (2) *(see,* Court of Claims Act § 9 [4]; *Schaffer v Evans,* 86 AD2d 708, 709, *affd* 57 NY2d 992).

The parties' remaining contentions have either been considered and found to lack merit or are rendered academic by our determination.

Mikoll, J. P., Crew III, White and Peters, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiffs' motion; motion denied in all respects; and, as so modified, affirmed.