Pette, J.
Application for leave to serve a notice of claim upon the New York City Housing Authority.
On September 25, 1955, Dennis Bauer, an infant who was then less than ten years of age, was severely injured allegedly because of the negligence of the respondent. His injuries included, among other things, a fractured skull and a fractured wrist.
The infant’s mother alleges that during the week following the accident and while her son was still in the hospital a representative of the respondent visited her to discuss the matter. He advised her not to see a lawyer, telling her that a lawyer would take at least one half of any recovery, and that after Dennis came home from the hospital and all bills had been received respondent would make an offer; that if she was dissatisfied with the offer she could then retain a lawyer. The same representative visited Mrs. Bauer three more times and kept assuring her that everything would be taken care of. Since Dennis returned from the hospital there has been no further communication from the respondent. Petitioner consulted a lawyer on January 9, 1956, and this application was made promptly thereafter.
There is no question that the application on behalf of the infant should be granted. The only problem is whether the mother’s application should be granted as well in view of the circumstances related above.
In opposition, respondent states that the petitioner has not disclosed the name of the “ person claiming to have been connected with the Housing Authority,” nor has she stated anything to indicate his authority to make representations on its behalf. It is significant, however, that respondent has not troubled itself to supply its investigator’s name or to submit an affidavit from him or any one else denying that he made such representations.
The prime purpose of requiring prompt notice of claim is to afford a municipal corporation an adequate opportunity to investigate the circumstances surrounding the accident, while information is still readily available. (Teresta v. City of New York, 304 N. Y. 440, 443.) The statute was never intended to be “ a trap to catch the unwary or the ignorant.” (Sweeney v. *692 City of New York, 225 N. Y. 271, 273.) When some unfortunate, unlearned in the law, fails through his own ignorance and not because of infancy or disability to file timely notice, respondent’s right to take advantage of that mistake is unquestioned; but to permit the respondent, through its agents and employees, to lure a person into such inaction, seems to be going too far. The application is granted. Submit order.