Eager, J.
This is an application for an order of this court permitting the claimant to serve upon the hoard of education of Union Free School District No. 1 of the Town of Haverstraw, a proposed notice of claim for personal injuries as in compliance with the provisions of section 50-e of the General Municipal Law. There is no action pending and the application is brought on by service of affidavits and notice of motion. Attached to the affidavits is the proposed formal notice of claim desired to be served upon the respondent board at this time.
The claimant, by his affidavit, avers that he was injured on March 14, 1955, through alleged negligence of the said board while he was attending an adult education class in a certain high school. No formal notice of claim was served upon the board in compliance with the provisions of said section 50-e. The claimant, however, on or about May 17, 1955, did sign and send by ordinary mail to the office of the superintendent of schools of the particular district, a letter giving notice of the accident. The superintendent received the letter and retained it, and in reply thereto, wrote that he had sent the letter to the board’s insurance company, further stating that, “Undoubtedly, you will hear from them in the very near future. Should any information concerning this accident come to my attention, I shall be certain to keep you informed.” The letter was *927 apparently promptly forwarded to the board’s insurance carrier, but it does not appear whether or not the carrier did anything by way of investigating the accident. It does, however, clearly appear that the board and several members thereof acquired knowledge of the happening of the accident and of the claimant’s claim some time before the expiration of the statutory period of ninety days, and there is no claim by the board that it has been prejudiced by reason of claimant’s failure to properly and timely serve a formal notice of claim.
A copy of the letter mailed by the claimant and received by the superintendent of schools is not made a part of the papers. It is averred, however, and not disputed, that it did set forth the name and address of the claimant, the time and place of his alleged accident, a statement of certain injuries sustained therein, and contained a request for the payment of certain items of damage. The letter, however, made no claim that the board had been negligent, and the letter was unverified.
The claimant specifically states that he is applying pursuant to subdivision 6 of said section 50-e of the General Municipal Law to have the letter amended into and verified as an effective notice of claim. However, it clearly appears that the provisions of said subdivision do not confer the requisite power upon this court to afford relief to the claimant in a proceeding brought on by service of an affidavit and notice of motion. Said provisions authorize the amendment of a notice of claim on motion where there is “ a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof ”. Here, the letter sought to be amended was sent by ordinary mail and was sent to and received by one not qualified by statute to receive service of a notice of claim. Consequently, the claimant seeks hereby to overcome an error or mistake in the manner of service as well as to supply omissions in the writing itself, and this the court is not authorized by said section to do on motion.
The claimant contends that, under the circumstances, the board has waived the requirement of the statute as to manner of service of the notice of claim and cites particularly Teresta v. City of New York (304 N. Y. 440) and Boettner v. Village of Mamaroneck (123 N. Y. S. 2d 849). It is stated in the Teresta case (p. 443) that, “ Neither legal theory nor public policy stands in the way of a waiver of that requirement, designed as it is solely for the benefit of the city ” (or, other public corporation, as the case may be). It does, therefore, seem settled that there may be a waiver by a public corporation of strict com *928 pliance with statutory requirements as to service of a notice of claim, dependent, of course, upon the circumstances in the particular case, but, nevertheless, there is no authority in any court, upon a motion, independent of any action, to declare a waiver with respect to the manner or time of service of the claim. Issues, with respect to the existence of such a waiver, may generally only be determined in an action. This is so, because the statute does not expressly confer upon a court the power to entertain a motion or special proceeding for this purpose, the general rule being that disputes involving issues of law and fact may not be summarily resolved upon a motion or in a special proceeding in Supreme Court unless so expressly provided by statute. An action is the form of procedure generally to be followed to obtain a determination by a court of a disputed issue. Generally, where, as here, a party claims waiver of service of a notice which by statute is a condition precedent to an alleged cause of action, then he may allege the facts constituting such waiver in a complaint as an element of his cause of action, and the answer of defendant may properly make the issue.
The additional point that service of a claim at this time should be allowed on this application because of alleged physical incapacity of the claimant during the statutory period has no support in the facts presented.
Motion denied. Submit order on notice.