Carroll M. Roberts, J.
Petitioner is an adult and concedes that Ms failure to timely serve a notice of claim pursuant to section 50-e of the General Municipal Law was due to no mental or physical incapacity.
The claim of petitioner is twofold; (1) that he was entrapped by representations of respondents’ insurance carrier and led to believe that his claim would be settled, and (2) that by giving a notice of claim to said insurance carrier and by submitting to an examination by their doctor, there was valid service pursuant to subdivision 3 of section 50-e of the General Municipal Law.
Petitioner claims that he was injured on November 3, 1955; that on November 11, 1955 he took a written estimate of the damage of his car to a representative of the respondents’ insurance company; that after various telephone calls and correspondence, petitioner met Mr. Cole, an adjuster for said company, on December 27, 1956 (we assume petitioner intended to give the date as December 27, 1955), at which time petitioner signed a release for the claim of his son (which claim was later paid), and also filled out a claim sheet in apparent reference to his own claim, and mailed it to the adjuster on the following day. Petitioner claims that at this time the adjuster told him that the claims of all passengers would have to be settled before the claim of petitioner could be considered. On January 19, 1956 petitioner underwent a physical examination by Dr. Willmarth at the request of Mr. Cole, the adjuster.
The 90-day period for serving a notice of claim pursuant to section 50-e of the General Municipal Law expired February 1, 1956. Petitioner claims that thereafter, and on February 7, 1956 the adjuster advised him that the passenger in one of *648 the cars with whom he was trying to effect a settlement, had moved to Arizona. Petitioner further states that on February 28 or 29, his wife wrote to the adjuster, suggesting that if petitioner’s claim were not cleaned up, the matter would be turned over to an attorney. On March 13 the adjuster notified petitioner that his claim had been rejected.
Subdivision 5 of section 50-e of the Greneral Municipal Law empowers the court in its discretion to permit late filing when application is made within one year from the happening of the event, ‘‘ Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor ”. Under this section failure to serve the claim must be due to disability resulting from infancy or incapacity. (Matter of Rosenberg v. City of New York, 309 N. Y. 304, 307.) In the case of infants, a rather wide area of discretion is exercised by the courts in determining whether the delay in serving the notice was reasonably attributable in any substantial degree to the fact of infancy. The result has been that in infants’ cases, some applications have been granted and others denied. (Matter of Hogan v. City of Cohoes, 279 App. Div. 282; Biancoviso v. City of New York, 285 App. Div. 320, and cases cited.) In the case of an adult, however, there is no such area of general discretion. Late filing in such a case can be permitted only where the claimant is ‘‘ mentally or physically incapacitated ’’ and “ by reason of such disability ” fails to serve the notice on time. (Matter of White v. City of New York, 285 App. Div. 69; Matter of Menzel v. City of Rochester, 286 App. Div. 1143; Matter of Matrisciano v. City of New York, 281 App. Div. 1046.)
The area of discretion which may be exercised in infants’ cases where the delay in serving notice is the result of representations relating to payment or settlement is well illustrated by two cases. In Matter of Balbach v. Central School Dist. No. 1 (278 App. Div. 710, motion for leave to appeal denied, 302 N. Y. 947), a 17-year-old boy was injured, and as a result of representations and negotiations by the insurance carrier a notice of claim was not timely served. The Special Term granted permission to serve a late notice as a matter of discretion on the ground that the failure to serve a timely notice was by reason of disability due to infancy. (See record on appeal.) The Appellate Division affirmed on the ground that the discretion of the Special Term was properly exercised. In Matter of Nori v. City of Yonkers (274 App. Div. 545, affd. 300 N. Y. 632), a boy 20 years old was injured. He failed to timely serve a *649 notice of claim, relying upon a promise that the expenses of his care and treatment would be paid. Special Term granted a motion to serve a late notice but this was reversed on appeal, the Appellate Division pointing out that from the moving affidavits it appeared that the failure was due not to infancy but to the promise which had been made.
Even in the case of infants no discretion exists where the application is not made within one year as provided by the statute. In Matter of Martin v. School Bd. of Union Free Dist. No. 28, Long Beach (301 N. Y. 233), a 12-year-old infant was injured, but due to representations by an insurance carrier that the claim would be adjusted, petitioner was misled and delayed until more than one year had elapsed. The application to file a late notice was denied, the court refusing to write into the law exceptions which the Legislature had designedly omitted.
There is one decision (Matter of Bauer v. New York City Housing Auth., 1 Misc 2d 690) permitting late filing by an adult where the delay was caused by representations of an insurance company. That, however, was the claim of a parent arising out of injuries to an infant, and late filing was permitted both the infant and the infant’s mother. So far as the infant’s claim was concerned, the application was properly granted within the area of discretion permitted the court with reference to such claims. However, the power to exercise discretion in the case of the infant did not enure to the mother. (Biancoviso v. City of New York, 285 App. Div. 320, 325, supra.) The decision so far as the claim of the mother is concerned, does not seem in accord with the weight of authority or the terms of the statute.
In Parsons v. Village of Dannemora (275 App. Div. 738), it appeared that negligence actions were brought by a husband and wife against a village. The complaints did not allege that a notice had been given the village pursuant to section 50-e of the General Municipal Law but instead, plaintiffs alleged that they failed to give such notice because of representations made to them by officers of the village and an agent of the insurance carrier. The complaints were dismissed, the court pointing out that plaintiffs’ remedy, if any, was against those who made the representations.
The application here before the court is not within the terms of the statute permitting late filing. Failure to timely serve the notice was due to the representations which were made and not to any mental or physical incapacity of the adult petitioner. If the statute is to be rewritten, that is a function of the Legislature and not of the courts. In Matter of Russo v. Valen *650 tine (294 N. Y. 338, 342), the court per Lehman, Ch. J., said: “We have frequently pointed out that it is the duty of the courts to give effect to statutes as they are written and that we may not limit or extend the scope of the statute as written unless literal construction of the statute would produce a result which the Legislature plainly did not intend.”
The fact that the petitioner filled out and mailed a claim sheet to the adjuster for the insurance company, and that he was subsequently examined by a doctor selected by such adjuster, does not bring the petitioner within the provisions of subdivision 3 of section 50-e of the General Municipal Law. This subdivision requires that the notice shall be served on the party or on the person designated by law as a person to whom a summons in an action in the Supreme Court may be delivered. In the case of a city, a person so designated to accept delivery of a summons is the mayor, comptroller, treasurer, counsel, attorney or clerk, or officer performing corresponding functions. (Civ. Prac. Act, § 228.) There is no claim here that the alleged notice delivered to the adjuster for the insurance company was ever served upon any of the designated officials of the defendant, City of Geneva, or that it was served upon the defendant McDonough as chief of police.
Said subdivision 3 of section 50-e of the General Municipal Law then further provides, and this is the provision upon which the petitioner relies, “ that if service of such notice be made within the period prescribed by this section, but in a manner not in compliance with the provisions of this subdivision, such service shall be deemed valid if such notice is actually received by such person, officer, agent, clerk or employee and such party against whom the claim is made shall cause the claimant or any other person interested in the claim to be examined in regard to such claim.” In order that such improper service may be deemed valid, the statute therefor imposes two requirements; first, the notice must actually be received by an authorized person; second, the claimant must be examined in reference to the claim. The moving affidavits here contain no proof and assert no claim that the claim sheet delivered to the insurance adjuster ever reached the possession of any of the designated persons. No notice was therefore “ actually received ” by an authorized person, and subdivision 3 cannot be invoked to validate the service. The conclusion reached makes it unnecessary to consider the type of examination contemplated by the statute. It is extremely doubtful, however, that the language “ shall cause the claimant or any other person interested in the claim to be examined in regard to such claim ” has reference to or *651 was intended to mean a mere physical examination of the claimant.
In any event, if the service had been such that it could be deemed valid under subdivision 3 of section 50-e of the General Municipal Law, the petitioner would need no permission to serve a late notice. If it were not such that it could be deemed valid, the court is powerless to grant relief. (Munroe v. Booth, 305 N. Y. 426; Matter of Coyle v. New York City Transit Auth., 283 App. Div. 1083; Matter of McKiernan v. Board of Educ., 1 Misc 2d 925.)
Motion denied, without costs.