LaBriola et ux., Appellants, *v.* Southeastern Pennsylvania Transportation Authority.

Argued December 3, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Martin Greitzer,* with him *Greitzer & Locks,* for appellants.

*Stanley J. Sinowitz,* for appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

This is an appeal from an order granting appellee's (hereinafter, SEPTA) motion for a summary judgment. The trial court granted the motion on the basis of the pleadings.[1]

The facts as disclosed by the record are as follows: On November 7, 1970, wife-appellant (Mrs. LaBriola) sustained injuries as she was alighting from a subway-surface trolley car. Appellants filed their complaint almost two years later, alleging that the injuries were sustained as a result of the trolley conductor's failure to allow Mrs. LaBriola adequate time to safely alight from the car.

In its answer, SEPTA denied negligence, and by way of new matter averred that appellants' failure to give notice as required by §36 of the Metropolitan Transportation Act[2] was a complete bar to their cause

---

[1] The court apparently did not consider the averments in appellant's answer to SEPTA's motion because of a lack of vertification. See Pa. R. C. P. No. 1024(a). This defect should not, however, have been considered by the court sua sponte. *General Mills, Inc. v. Snavely,* 203 Pa. Superior Ct. 162, 167, 199 A. 2d 540 (1964). SEPTA's failure to object to the defect constituted a waiver thereof. Pa. R. C. P. No. 1032.

[2] "Within six months from the date that any injury was received, or any cause of action accrued, any person who is about to commence any civil action in any court against the authority for damages on account of any injury to his person shall file in the

of action. Subsequently, SEPTA filed the motion for summary judgment alleging this failure to give notice as the basis for its motion. In their reply to new matter and answer to SEPTA's motion, appellants averred that they had substantially complied with the notice provisions, that SEPTA was not prejudiced by the lack of literal compliance, and that SEPTA was estopped from asserting the lack of notice as a bar to their cause of action.

Appellants alleged that Mrs. LaBriola gave notice of the accident to a SEPTA employee immediately after its occurrence. On the following day, a SEPTA investigator visited the appellants, acknowledged notification of the accident, and obtained a signed statement from Mrs. LaBriola concerning the facts of the accident and the extent of her injuries. Appellants also signed authorization form which allowed SEPTA to obtain wage loss information from her employer and medical information from her physicians. Thereafter, SEPTA received that information and for a period of more than 6 months after the accident attempted to negotiate a settlement with appellants. During this period,[3] SEPTA's representative repeatedly assured

office of the secretary of the board, and also in the office of the chief counsel for the authority, either by himself, his agent, or attorney, a statement in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date, and about the hour of the accident, the place or location where the accident occurred, and the name and address of the attending physician, if any. If the notice provided for by this section is not filed as provided, any civil action commenced against the authority more than six months after the date of injury, shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing." Act of August 14, 1963, P. L. 984, §36, 66 P.S. §2036.

[3] The record does not indicate the date on which the settlement negotiations terminated.

appellants that the claim would be settled. When SEPTA refused to compensate appellants, the instant action was brought and formal notice of claim was given to SEPTA 15 months after the date of the accident.

There are no Pennsylvania cases on the question of whether a municipal authority may be estopped from availing itself of the defense of lack of notice where the claimant's failure to give notice is the result of conduct or statements by the authority's representatives.[4] While there is a split of authority in other jurisdictions,[5] we believe that the cases applying this principle to statutes similar to ours strike a just balance between the authority's need for timely notice and the reasonable expectations of claimants who rely on statements and conduct by the authority's representatives.

Two determinative factors have been emphasized in holding that a governmental entity entitled to notice has either waived the right or is estopped from asserting it: (1) immediate actual notice and full investigation of the accident; and (2) conduct or assurances by representatives of the authority which lead a claimant to believe that further action is unnecessary. *Farrell v. Placer County,* 23 Cal. 2d 624, 145 P. 2d 570 (1944); *Rand v. Andreatta,* 60 Cal. 2d 846, 36 Cal. Rptr. 846, 389 P. 2d 382 (1964); *Cruise v. City & County of San Francisco,* 101 Cal. App. 2d 558, 225 P. 2d 988 (1951); *Tillman v. City of Pomona Beach,* 100 So. 2d 53 (Fla. 1957); *Rabinowitz v. Bay Harbor Island,* 178 So. 2d 9 (Fla. 1965); *Bauer v. New York City Housing Authority,* 1 Misc. 2d 690, 149 N.Y.S. 2d 379 (1956); *City of Fairbourne v. Clanton,* 117 S.E. 2d 197 (Ga. App.

---

[4] Estoppel and waiver concepts have, however, been applied to cases in which the statute of limitations has run. *Nesbitt v. Erie Coach Company,* 416 Pa. 89, 204 A. 2d 473 (1964).

[5] See, Annotation, 65 A.L.R. 2d 1278.

1960) ; *Santa Rosa Island Authority v. F. Rust and Sons, Inc.*, 303 F. 2d 576 (5th Cir. 1962). In these cases, the authority received actual notice of the accident and conducted a full investigation thereof which disclosed all of the information required by the notice statute. Representatives of the agency discussed the accident with the claimants and assured them that a settlement would be made. After expiration of the notice period, the authorities either denied liability or refused settlement, and asserted the lack of notice as a bar to the claimants' suit. In these circumstances, the courts refused to apply the notice statute, finding that the failure to notify was the result of the authority's acts.

Applying these principles to the instant case, appellants' uncontradicted allegations present a jury question as to whether, because of the conduct and statements of SEPTA's representatives, the appellants reasonably believed that they had adequately notified SEPTA of its claim. The court below erred in granting the summary judgment. *Kotwasinski v. Rasner*, 436 Pa. 32, 258 A. 2d 865 (1969).

The order of the court below in granting the summary judgment is reversed with a procedendo.