183 N.J. Super. 36 (1982)
443 A.2d 225
KATHLEEN E. HILL, BY HER GUARDIAN AD LITEM MARY C. HILL AND MARY C. HILL, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
BOARD OF EDUCATION OF THE TOWNSHIP OF MIDDLETOWN, NEW JERSEY, A PUBLIC BODY CORPORATE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 12, 1982.
Decided February 11, 1982.
*38 Before Judges BOTTER and ANTELL.
William B. Gallagher, Jr. argued the cause for appellants (Klitzman, Klitzman & Gallagher, attorneys; William B. Gallagher on the brief).
Edward C. McHugh argued the cause for respondent (Robert F. Colquhoun, attorney; Edward C. McHugh on the brief).
PER CURIAM.
Plaintiff Kathleen Hill and her mother Mary Hill appeal from a judgment dismissing their personal injury claim against defendant Board of Education of the Township of Middletown because of their failure to comply with the notice of claim provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.
On January 6, 1975, while a student at Thorne Junior High School which is operated by defendant, plaintiff Kathleen Hill, aged 14, injured her right knee when she fell during a practice of the school's basketball team. Her coach and the school nurse packed plaintiff's knee in ice. Thereafter, plaintiff complained to the coach and nurse on various occasions that she was experiencing pain in her knee. However, they informed her that only a bruise was involved and plaintiff played in subsequent basketball games. In July 1976 plaintiff consulted an orthopedic surgeon and underwent the first of nine operations on her right knee.
In December 1976 plaintiffs retained an attorney who immediately telephoned defendant and informed its representative that plaintiffs intended to institute a lawsuit for the injuries sustained by Kathleen Hill. Thereafter, he spoke with defendant's attorneys about the incident and provided specific details as to the injury and the required medical treatment.
Plaintiffs instituted suit against defendant on December 8, 1977, at which time Kathleen Hill, who was born on February 14, 1960, was 17 years of age. Defendant filed an answer *39 denying the allegations of the complaint. The answer set forth as a separate defense that "[t]he plaintiff has failed to comply with the provisions of the Municipal Tort Claims Act N.J.S.A. Title 59 and is therefore barred from bringing this cause of action." Thereafter, plaintiffs answered defendant's interrogatories and defendant obtained an order compelling more specific answers to its interrogatories. These events transpired before Kathleen's 19th birthday. The parties then engaged in further discovery consisting of depositions and a physical examination. In August 1980, over 2 1/2 years after the complaint was filed, defendant brought a motion for dismissal based on plaintiffs' failure to comply with the notice requirements of the Tort Claims Act. The trial judge granted the motion and this appeal followed.
We agree with the trial judge's conclusion that there was no substantial compliance with the notice requirements of the act. In our view, however, the circumstances are such that defendant is equitably estopped from relying on the consequences of plaintiffs' failure to give notice.
The Tort Claims Act requires a claimant to file a claim notice in prescribed form with the public entity within 90 days after the accrual of the claim. N.J.S.A. 59:8-8(a). However, the time within which a child must give notice is tolled until after he reaches majority. A parent has the same period of time as his injured child in which to file a notice of claim for consequential damages. Rost v. Fair Lawn Bd. of Ed., 137 N.J. Super. 76, 79 (App.Div. 1975); Vedutis v. Tesi, 135 N.J. Super. 337, 340-341, 346 (Law Div. 1975), aff'd o.b. 142 N.J. Super. 492 (App.Div. 1976). The 90-day notice period may be extended in the discretion of the Superior Court to a maximum of one year following the accrual of the claim. N.J.S.A. 59:8-9. Recognizing that the purpose of prompt notice is "to expedite investigation with the hope of reaching nonjudicial settlement and to protect the public entity's access to current information about the incident giving rise to the claim," the courts have tended to *40 construe the discretionary power liberally in order to permit the disposition of claims on their merits where to do so would not compromise the basic objectives of the notice requirement. S.E.W. Friel Co. v. N.J. Turnpike Auth., 73 N.J. 107, 118, 122 (1977). It is clear, however, that judicial discretion to extend the time for filing of the requisite notice does not survive the passage of one year following the accrual date of the claim. Speer v. Armstrong, 168 N.J. Super. 251, 255 (App.Div. 1979).
If the present controversy arose, without more, only out of plaintiffs' failure to give notice, unaffected by other considerations, the foregoing principles would mandate dismissal of their suit. But that is not the case here. It is well settled that the notice requirements, being in the nature of limitations provisions, are subject to the application of estoppel principles. Hence, even if there is no substantial compliance with the notice provisions of the Tort Claims Act, a public entity will be estopped from asserting this defense "where the interests of justice, morality and common fairness dictate that course." Anske v. Palisades Park, 139 N.J. Super. 342, 348 (App.Div. 1976). And see, also, so holding Fredrichsen v. City of Lakewood, 6 Cal.3d 353, 99 Cal. Rptr. 13, 491 P.2d 805, 806-807 (Sup.Ct. 1971); Farrell v. Placer Cty., 23 Cal.2d 624, 145 P.2d 570, 573 (Sup.Ct. 1944); LaBriola v. Southeastern Pennsylvania Transp. Auth., 227 Pa.Super. 305, 323 A.2d 9, 10-11 (Super.Ct. 1974).
The defense of failure to file notice under the Tort Claims Act is an affirmative one which must be pleaded in order to avoid surprise, and a defendant may be found to have waived the protection thereof by failing to plead it as a defense. Anske v. Palisades Park, supra, 139 N.J. Super. at 350; McShain v. Evesham Tp., 163 N.J. Super. 522, 529 (Law Div. 1978). In the instant matter defendant did not specifically plead that plaintiffs failed to comply with the notice provisions of the Tort Claims Act nor did it cite the applicable section of the statute. Rather, defendant's answer merely stated without specification that plaintiffs failed to comply with the provisions of the *41 Municipal Tort Claims Act and were therefore barred from bringing suit. R. 4:5-4 provides that "[a] responsive pleading shall set forth specifically and separately a statement of facts constituting an ... affirmative defense...." Thus, the pleading of affirmative defenses must be, not merely by legal conclusion, but by a statement of facts. Pressler, Current N.J. Court Rules, Comment R. 4:5-4 (1982). Clearly, defendant failed to comply with this rule since its affirmative defense did not set forth a statement of facts sufficient to show that it was the notice provisions of the Tort Claims Act with which plaintiffs had not complied and which therefore acted as a bar to suit.
Equitable estoppel embodies the doctrine "that one shall not be permitted to repudiate an act done or position assumed where that course would work injustice to another who, having the right to do so, has detrimentally relied thereon." Anske v. Palisades Park, supra, 139 N.J. Super. at 348.
... Estoppel is conduct, either express or implied, which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law. Such estoppel is grounded not on subjective intent but rather on the objective impression created by the actor's conduct.
[Dambro v. Union Cty. Pk. Comm'n, 130 N.J. Super. 450, 457 (Law Div. 1974); Citations omitted]
Aside from defendant's failure to properly plead noncompliance with the notice provisions of the Tort Claims Act, it waited until over 2 1/2 years after the complaint was filed before bringing its motion for summary judgment. In the interim, defendant obtained complete discovery in the form of answers to interrogatories, depositions and a physical examination. Indeed, prior to the expiration of one year following the date of Kathleen Hill's 18th birthday, plaintiffs answered defendant's interrogatories and defendant obtained an order compelling more specific answers to its interrogatories. Certainly, defendant's conduct created the objective impression that it was waiving the notice requirements, especially in view of its failure to properly plead this defense.
*42 Furthermore, if defendant had specifically pleaded lack of notice as a defense or acted promptly in bringing its motion for dismissal, plaintiffs would have had ample opportunity in which to apply to the trial judge for permission to file a late notice of claim since Kathleen Hill did not turn 19 years of age until February 14, 1979, 14 months after the complaint was filed.
Defendant does not assert that it did not have an opportunity to investigate the accident, prepare a defense or endeavor to negotiate a settlement before the action was commenced. Since plaintiffs' failure to file a notice of claim caused no prejudice to defendant we find no impediment to the application of an equitable estoppel.
Reversed and remanded for proceedings on the merits of the claim.