Reuben JOHNSON, Plaintiff,

v.

John DOES, et al., Defendants.

Civil Action No. 96–3936.

United States District Court,
D. New Jersey.

Jan. 17, 1997.

David Paul Daniels, A Professional Corporation, Camden, NJ, for Plaintiff.

Robert G. Millenky, County Counsel, M. Lou Garty, Assistant County Counsel, Camden, NJ, for Defendants, County of Camden and Camden County Prosecutor's Office.

Peter Verniero, Attorney General of New Jersey, Mamta Patel, Deputy Attorney General, State of New Jersey, Department of Law and Public Safety, Division of Law, Trenton, NJ, for Defendant, State of New Jersey.

James R. Hendren, Robert E. Edwards, Mt. Laurel, for Defendant, Borough of Lawnside.

OPINION

ORLOFSKY, District Judge:

Defendants, County of Camden and Camden County Prosecutor's Office, have moved for partial summary judgment, pursuant to Fed.R.Civ.P. 56, on Plaintiff's common law tort claims contained in the Fourth through Seventh Counts of Plaintiff's complaint, for failure to comply with the notice provisions of the New Jersey Tort Claims Act, N.J.S.A. §§ 59:1–1 *et seq.* The issue presented by Defendants' motion involves a question of statutory interpretation never addressed by

the New Jersey Supreme Court, specifically, whether the failure of a plaintiff to respond to a "personalized" Notice of Claim Form adopted by a public entity pursuant to § 59:8–6 of the New Jersey Tort Claims Act[1] should operate to bar the claim? For the reasons set forth below, I conclude that based upon the unique facts and circumstances of this case, the Plaintiff's failure to respond to the County's Claim Form, requires the dismissal of Plaintiff's state law claims asserted against the County and the Prosecutor's Office. Accordingly, Defendants' motion will be granted.

## I. Procedural Background

Plaintiff, Reuben Johnson, contends that on or about August 15, 1994, he was approached at a motel located on Charleston Avenue, in the Borough of Lawnside, Camden County, New Jersey, by police officers from the Borough of Lawnside who allegedly stopped, searched, harassed and injured the Plaintiff while attempting to detain and arrest him illegally.

On November 4, 1994, Plaintiff filed a Notice of Tort Claim with the Clerk of the County of Camden. (Defendants' Brief, Ex.2). Shortly thereafter, on November 18, 1994, the County of Camden sent counsel for

the Plaintiff a detailed tort claims questionnaire, pursuant to N.J.S.A. § 59:8–6.[2] (Defendants' Brief, Ex.3). The questionnaire expressly provided that, "[u]nder the scheme of the New Jersey Tort Claims Act, a governmental entity is afforded at least six months from the date of the receipt of a *completed* claim form to review and settle meritorious claims. Failure to provide *complete* answers to all questions and/or the withholding of information may result in forfeiture of the claimant's rights." (Defendants' Brief, Ex.6) (emphasis in original).

When Plaintiff failed to complete the questionnaire in a timely fashion, Scibal Associates, the claims administrator for the County of Camden, sent Plaintiff's counsel three subsequent letters reminding Plaintiff's counsel that the tort claim questionnaire had not been returned and that if the information sought in the questionnaire was not provided, Plaintiff's tort claims could be subject to dismissal. (Defendants' Brief, Exs. 7, 8 and 9).

■ Without responding to the County of Camden's repeated requests for the information requested in the tort claims questionnaire, Plaintiff filed his complaint in this Court on August 15, 1996, against the County

---

**1.** N.J.S.A. § 59:8–6 provides in relevant part that:

A public entity may by rule or regulation adopt forms specifying information to be contained in claims filed against it or its employee under the act. Such forms shall include the requirements of 59:8–4 of this act and may include such additional information or evidence as (1) written reports of a claimant's attending physicians or dentists setting forth the nature and extent of injury and treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity; (2) a list of claimant's expert witnesses and any of their reports or statements relating to the claim; (3) itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses; (4) documentary evidence showing amounts of income lost; (5) if future treatment is necessary, a statement of anticipated expenses for each treatment.

**2.** Pursuant to N.J.S.A. § 59:8–6, the County of Camden had previously passed a Resolution authorizing the use of a special tort claim questionnaire which seeks additional information from a plaintiff.

The additional information sought in the County of Camden's questionnaire includes the following: the nature of the claim, how the incident occurred, where it occurred, the nature and extent of the injuries claimed to have been suffered by the plaintiff, the identity of any witnesses to the incident, the names of all police officers and police departments who investigated the incident, whether plaintiff has claimed permanent disability as a result of the incident, the name of each hospital and doctor who rendered treatment to the plaintiff and a description of the type of treatment, whether the plaintiff is claiming lost wages as a result of the incident, whether the plaintiff's alleged injuries from the incident have aggravated existing or previous injuries, and other items which would enable the County of Camden to investigate the facts and evaluate the merits of the claim.

The questionnaire also includes a medical authorization form, authorizing all doctors, hospitals or other medical service facilities to release to the County of Camden's insurance company all records, reports and information concerning the treatment of the claimant. (*See* Defendants' Brief, Ex. 6).

of Camden and the Camden County Prosecutor's Office, as well as against the State of New Jersey,[3] the Borough of Lawnside, and numerous John Does. In his complaint, Plaintiff asserts that the conduct of the various Defendants amounted to violations of his civil rights pursuant to 42 U.S.C. § 1983[4] (First, Second and Third Counts), as well as tortious conduct under New Jersey state law (Fourth, Fifth, Sixth and Seventh Counts).

## II. Summary Judgment Standard

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that [he or she] is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir.1996); *Hersh v. Allen Products, Co.*, 789 F.2d 230, 232 (3d Cir.1986); *Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir.1983). In deciding whether there is a disputed issue of material fact the Court must view all inferences, doubts and issues of credibility in favor of the non-moving party. *See Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995); *Helen L. v. DiDario*, 46 F.3d 325, 329 (3d Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 64, 133 L.Ed.2d 26 (1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir.1987) (citation omitted); *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n. 2 (3d Cir.1983), *cert. denied*, 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Moreover, Federal Rule of Civil Procedure 56(e) provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

Under this rule, a defendant must be awarded summary judgment on all properly supported issues identified in its motion, except for those for which a plaintiff has provided evidence to show that a question of material fact remains. Put another way, once the moving party has properly supported its motion, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). A summary judgment movant may meet its burden by showing that the opposing party is unable to meet its burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Nonetheless, a moving party on the motion bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Id.*

## III. Discussion

Defendants, County of Camden and Camden County Prosecutor's Office, contend that they are entitled to summary judgment on Plaintiff's common law tort claims contained in the Fourth through Seventh Counts of the complaint because the Plaintiff did not comply with the notice provisions of New Jersey's Tort Claims Act, N.J.S.A. §§ 59:1–1 *et seq.*

■ Under the Tort Claims Act, "parties suing public entities must comply with strict

---

**3.** On December 6, 1996, this Court granted the State of New Jersey's motion for summary judgment on Eleventh Amendment immunity grounds.

**4.** The notice provisions of New Jersey's Tort Claims Act do not apply to civil rights claims under 42 U.S.C. § 1983. *See Fuchilla v. Layman*, 109 N.J. 319, 537 A.2d 652, *cert. denied*, 488 U.S. 826, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988).

requirements for notifying and suing those entities." *Feinberg v. State, D.E.P.*, 137 N.J. 126, 134, 644 A.2d 593 (1994). In particular, the Tort Claims Act states that:

> No action shall be brought against a public entity under this act unless a claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter.

N.J.S.A. § 59:8–3. This section not only bars any suit in which there has not been compliance with the notice provisions of N.J.S.A. § 59:8–4,[5] but also any suit in which a plaintiff has failed to comply with a public entity's own notice of claim form, requiring more information than specified in § 59:8–4, as authorized by N.J.S.A. § 59:8–6. *See Navarro v. Rodriguez*, 202 N.J.Super. 520, 495 A.2d 476 (Law Div.1984).

N.J.S.A. § 59:8–6 provides in relevant part that:

> A public entity may by rule or regulation adopt forms specifying information to be contained in claims filed against it or its employee under the act. Such forms shall include the requirements of 59:8–4 of this act and may include such additional information or evidence as (1) written reports of a claimant's attending physicians or dentists setting forth the nature and extent of injury and treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity; (2) a list of claimant's expert witnesses and any of their reports or statements relating to the claim; (3) itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses; (4) documentary evidence showing amounts of income lost; (5) if future treat-

ment is necessary, a statement of anticipated expenses for each treatment.

Section 59:8–6 "is necessary in order to assure the fair and full disclosure of information necessary to the orderly and expedient administrative disposition of claims." *See* N.J.S.A. § 59:8–6, Comment.

Plaintiff contends that his failure to return the County of Camden's tort claim questionnaire should not operate to preclude the adjudication of his common law tort claims in this Court, first, because he "substantially complied" with the Tort Claim Act's notice provisions, and second, because the interests of justice, morality and common fairness dictate that the Defendants should be estopped from seeking the dismissal of his common law tort claims.

Plaintiff first contends that, although he neglected to return the County of Camden's tort claim questionnaire, by submitting his own tort claim notification form to the County of Camden, he substantially complied with the notice provisions of the Tort Claims Act. While several New Jersey courts have held that substantial, rather than strict, compliance with the notice requirements of the Tort Claims Act may be satisfactory, *see, e.g., Tuckey v. Harleysville Insurance Co.*, 236 N.J.Super. 221, 565 A.2d 419 (App.Div.1989); *Navarro v. Rodriguez*, 202 N.J.Super. 520, 495 A.2d 476 (Law Div.1984); *Dambro v. Union County Park Commission*, 130 N.J.Super. 450, 327 A.2d 466 (Law Div.1974), "[s]ubstantial compliance cannot be predicated upon *no* compliance, such as failure to answer *any* of the questions permitted by N.J.S.A. 59:8–6." *Navarro*, 202 N.J.Super. at 530, 495 A.2d 476 (emphasis supplied). *See also Sinclair v. Dunagan*, 905 F.Supp. 208, 211–213 (D.N.J.1995).

---

**5.** N.J.S.A. 59:8–4 states that:

A claim shall be presented by the claimant or by a person on his behalf and shall include:

  a. The name and post office address of the claimant;

  b. The post-office address to which the person presenting the claim desires notices to be sent;

  c. The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;

  d. A general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim;

  e. The name or names or the public entity, employee or employees causing the injury, damage or loss, if known; and

  f. The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed.

■ That Plaintiff submitted his own notice of claim form, entitled "Notice of Claim Pursuant to N.J.S.A. 59:8–4," [6] does little to remedy his total failure to return the far more comprehensive tort claims questionnaire, which pursuant to N.J.S.A. § 59:8–6, was adopted by Resolution of the Camden County Board of Chosen Freeholders to be the form for all claimants to file in all tort claims asserted against the County.

"Once a public entity adopts a personalized notice of claim form pursuant to N.J.S.A. 59:8–6, which requires information that is more detailed than is otherwise required, it is incumbent upon a claimant to provide the information requested in the form." *Navarro*, 202 N.J.Super. at 529, 495 A.2d 476. The Notice of Claim form submitted by the Plaintiff completely fails to provide the County of Camden with virtually all of the information sought in the County of Camden's questionnaire.[7] Accordingly, in altogether failing to return the County of Camden's tort claims questionnaire, it is clear that the Plaintiff did not "substantially" comply with the provisions of the New Jersey Tort Claims Act.

■ Plaintiff also argues that the interests of justice, morality and common fairness dictate that the Defendants should be estopped from seeking the dismissal of his common law tort claims. Plaintiff is correct in his assertion that "[a] public entity will be estopped from asserting noncompliance with the notice provisions of the act 'where the interests of justice, morality and common fairness dictate that course.'" *Navarro*, 202 N.J.Super. at 531, 495 A.2d 476 (citing *Hill v. Middletown Bd. of Ed.*, 183 N.J.Super. 36,

40, 443 A.2d 225 (App.Div.1982), *certif. denied*, 91 N.J. 233, 450 A.2d 556 (1982)).

Moreover, New Jersey law provides that:

The interests of justice and fairness require that the claimant be promptly advised of the deficiencies and that failure to cure will result in rejection of the claim by the entity and a possible loss of the right to maintain a civil action.

*Murray v. Brown*, 259 N.J.Super. 360, 365, 613 A.2d 502 (Law Div.1991). However, in each instance where the doctrine of estoppel has been held to bar a notice of claim defense under the Tort Claims Act, "the conduct of the governmental entity justified the injured party's belief that the former was not dissatisfied with the claim information as submitted." *Id.* at 363, 613 A.2d 502 (collecting cases).

■ In this case, in light of the transmittal of four separate letters by the County to Plaintiff's counsel indicating that, pursuant to the Tort Claims Act, the County of Camden had adopted its own tort questionnaire and that the failure to return the completed questionnaire would subject Plaintiff's suit to dismissal, (*see* Defendants' Brief, Exs. 3, 7, 8 and 9), Plaintiff cannot seriously argue that the conduct of the County of Camden justified his belief that the County was not dissatisfied with the information contained in Plaintiff's initial Notice of Claim. The information contained in the County's four letters clearly reveals that the Plaintiff was, in fact, "promptly advised of the deficiencies and

---

6. Plaintiff's Notice of Claim form includes the name of the Plaintiff, the names of the potential defendants, lists his injuries as "back, head, face, neck, arms, and both knees," and states that his damages are one million dollars. His Notice of Claim also includes a brief description of the alleged occurrence forming the basis of his claim:

Plain clothes and uniform police officers while apprehending plaintiff at motel parking lot located at Charleston Avenue in Lawnside, New Jersey inflicted bodily injury to plaintiff by improperly hand cuffing plaintiff, and once plaintiff was handcuff[ed] he was thrown violently to the ground sustaining injuries to face, head, neck, back, both knees, and arms.

(Defendants' Brief, Ex. 2).

7. For example, Plaintiff's Notice of Claim form does not include any information regarding where the alleged incident occurred, the nature and extent of the injuries claimed to have been suffered by the plaintiff, the identity of any witnesses to the incident, the names of all police officers and police departments who investigated the incident, whether plaintiff has claimed permanent disability as a result of the incident, the name of each hospital and doctor who rendered treatment to the plaintiff and a description of the type of treatment, whether the plaintiff is claiming lost wages as a result of the incident, and whether the plaintiff's alleged injuries from the incident have aggravated existing or previous injuries.

that failure to cure will result in rejection of the claim by the entity and a possible loss of the right to maintain a civil action." *Murray*, 259 N.J.Super. at 365, 613 A.2d 502.

Accordingly, I conclude that the interests of justice, morality and common fairness do not estop the Defendants from seeking the dismissal of Plaintiff's common law tort claims in this case. The alleged incident which is the subject of Plaintiff's complaint occurred almost two and one half years ago. Notwithstanding its diligent efforts, the County of Camden's inability to obtain the relevant information sought in its questionnaire has effectively prevented the "orderly and expedient administrative disposition of [Plaintiff's] claims." *See* N.J.S.A. § 59:8–6, Comment.

For these reasons, the Defendants' motion for partial summary judgment on Plaintiff's common law tort claims contained in the Fourth through Seventh Counts of Plaintiff's complaint, for failure to comply with the notice provisions of the New Jersey Tort Claims Act, N.J.S.A. §§ 59:1–1 *et seq.*, will be granted. This Court will enter an appropriate order.