142 F.3d 442
 81 A.F.T.R.2d 98-1627, 98-1 USTC P 50,352
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Orville E. CHRISTENSEN; Helen V. Christensen, Petitioners-Appellants,
v.
Commissioner of Internal Revenue, Respondent-Appellee.
 No. 96-70741.
 Tax Ct. No. 12706-94.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted** Nov. 3, 1997.
Decided April 10, 1998.
 
 1
 Appeal from a Decision of the United States Tax Court.
 
 
 2
 Before WIGGINS, KLEINFELD, Circuit Judges, and WILSON*** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Petitioners-Appellants Orville and Helen Christensen ("taxpayers") appeal the tax court's decision of deficiency in tax of $218,789 for 1989. The tax court found that the taxpayers' transfer of a rental property did not qualify as a like-kind exchange under 26 U.S.C. § 1031(a) because the exchange was completed after the due date for their tax return. We have jurisdiction under 26 U.S.C. § 7482, and we affirm.
 
 I.
 
 5
 In general, the gain or loss on the sale or exchange of property is taxable. See 26 U.S.C. § 1001. One notable exception to this rule is § 1031 which provides for the nonrecognition of gain or loss in the case of like-kind exchanges of property held for productive use in a trade or business or for investment. See 26 U.S.C. § 1031. Thus, a taxpayer can avoid recognition of gain when he continues his investment in qualifying property.
 
 
 6
 In 1984, Congress amended § 1031 to limit the circumstances in which a deferred exchange could qualify for nonrecognition. Congress was motivated in part by a concern that the law did not require that a like-kind exchange be completed within a specified period. See H.R. Conf. Rep. No. 98-861, at 866 (1984). The amended § 1031(a)(3) provides:
 
 
 7
 (3) Requirement that property be identified and that exchange be completed not more than 180 days after transfer of exchanged property. For purposes of this subsection, any property received by the taxpayer shall be treated as property which is not like-kind property if-
 
 
 8
 (A) such property is not identified as property to be received in the exchange on or before the day which is 45 days after the date on which the taxpayer transfers the property relinquished in the exchange, or
 
 
 9
 (B) such property is received after the earlier of-
 
 
 10
 (i) the day which is 180 days after the date on which the taxpayer transfers the property relinquished in the exchange, or
 
 
 11
 (ii) the due date (determined with regard to extension) for the transferor's return of the tax imposed by this chapter for the taxable year in which the transfer of the relinquished property occurs.
 
 
 12
 § 1031(a)(3). This amendment imposed clear time requirements on any proposed like-kind exchange.
 
 
 13
 The taxpayers did not acquire the exchange property before the due date of their 1988 tax return, which was earlier than 180 days after they transferred their rental property. In addition, they did not request or receive an extension of time to file their 1988 return. The Commissioner of Internal Revenue determined that the taxpayers' exchange did not qualify as a like-kind exchange because it did not satisfy the time limits prescribed by § 1031(a). As a result, the Commissioner assessed a deficiency. In response, the taxpayers filed suit in tax court. The tax court agreed with the Commissioner and entered a decision of deficiency in tax of $218,789 for 1989.
 
 
 14
 Because it was a question of law, the tax court's determination that the series of transfers at issue did not qualify as a like-kind exchange exempt from tax under § 1031 is reviewed de novo. See Vukasovich, Inc. v. Commissioner, 790 F.2d 1409, 1413 (9th Cir.1986).
 
 II.
 
 15
 The taxpayers' first claim is that the tax court misinterpreted the time limits of § 1031(a). They argue that "the due date (determined with regard to extension)" should include the extension that is available under § 6081(a) even if the taxpayer did not actually apply for and receive the extension. The tax court held that the language of § 1031(a)(3)(B)(ii) is unambiguous: the deadline to complete the exchange is the due date for the transferor's tax return, including any granted extensions. We agree with this interpretation and reject the taxpayers' argument.
 
 
 16
 "Canons of statutory construction dictate that if the language of a statute is clear, we look no further than that language in determining the statute's meaning." United States v. Lewis, 67 F.3d 225, 228 (9th Cir.1995). The plain meaning of a statute controls if it does not lead to absurd or impracticable consequences. See Seattle-First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir.1996). Section 1031(a)(3)(B)(ii) has a plain meaning that does not lead to absurd results.
 
 
 17
 The focus of the section is the due date of the tax return. The deadline for receipt of exchange property is this actual due date, not a hypothetical due date. The section indicates that the due date is to be "determined with regard to extension." The logical meaning of "extension," as it modifies "due date," is actual extension. The statute does not refer to an "available" or "possible" extension, and the taxpayers have provided no persuasive basis on which to infer such a reference. "[D]ue date (determined with regard to extension)" means the actual due date of the tax return, including any extensions granted. Because the taxpayers failed to complete the exchange by the due date of their tax return, the transfer was not a like-kind exchange.
 
 III.
 
 18
 In the alternative, the taxpayers contend that they substantially complied with the requirements of § 1031(a). They argue that, by filing their tax return on its due date (without an extension), they provided the Commissioner with the same information they would have provided if they followed the literal requirements of § 1031(a). After reviewing the statute and the taxpayers' transaction, we conclude that the taxpayers did not substantially comply with the section.
 
 
 19
 The doctrine of substantial compliance can be applied only when it would not defeat the policies of the underlying statutory provisions. See Sawyer v. County of Sonoma, 719 F.2d 1001, 1008 (9th Cir.1983). It is well-established that the doctrine of substantial compliance is particularly problematic when deadlines are at issue. See, e.g., United States v. Locke, 471 U.S. 84, 100-01, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985); Prussner v. United States, 896 F.2d 218, 223 (7th Cir.1990). As the Supreme Court has recognized, "[f]iling deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced." Locke, 471 U.S. at 100-01. Section 1031(a)(3)(B)(ii) imposes a deadline on the completion of a like-kind exchange. Consequently, we are chary to assume that anything less than literal compliance satisfies this Congressionally-mandated deadline.
 
 
 20
 In this case, the taxpayers did not comply with the section at all. Under § 1031(a)(3)(B)(ii), the exchange must be completed by the earlier of (1) 180 days after the taxpayer transfers the property or (2) the due date of the transferor's tax return. The taxpayers failed to complete the exchange by this deadline. Moreover, the exchange was not reported on the return for the year in which the taxpayers' property was transferred as contemplated by the statute. Substantial compliance must not be predicated on no compliance at all. See Walker & Sons, Inc. v. Valentine, 431 F.2d 1235, 1239 (5th Cir.1970); Johnson v. Does, 950 F.Supp. 632, 635 (D.N.J.1997); Connecticut Gen. Life Ins. Co. v. Thomas, 910 F.Supp. 297, 302 (S.D.Tex.1995).
 
 
 21
 The policy underlying § 1031(a)(3)(B)(ii) is to provide strict time and reporting requirements on the completion of like-kind exchanges. See H.R. Conf. Rep. No. 98-861, at 866 (1984). Application of the substantial compliance doctrine in this context would defeat the policy. The doctrine would allow the taxpayers to avoid the very time requirements that were the reason for the amendment of the section. Accordingly, it cannot be said that the taxpayers substantially complied with § 1031(a).
 
 IV.
 
 22
 We conclude that the taxpayers did not satisfy the requirements for a like-kind exchange under 26 U.S.C. § 1031. Thus, the judgment of the tax court is affirmed.
 
 
 23
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Circuit Rule 34-4
 
 
 **
 * Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36-3