**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4835-17T3

JAMES A. PRESSLEY, SR.,

     Plaintiff-Respondent,

V.

COUNTY OF ATLANTIC
and ATLANTIC COUNTY
DEPARTMENT OF FAMILY
AND COMMUNITY
DEVELOPMENT,

     Defendants-Appellants.
_____

       Submitted July 16, 2019 – Decided July 29, 2019

       Before Judges Vernoia and Mayer.

       On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1322-18.

       James F. Ferguson, Atlantic County Counsel, attorney for appellants (James T. Dugan, Assistant County Counsel, on the brief).

       James A. Pressley, Sr., respondent pro se.

PER CURIAM

Defendants County of Atlantic and Atlantic County Department of Family and Community Development (collectively, the County) appeal from a June 26, 2018 order determining the County waived the right to challenge the timeliness of the notice of claim filed by plaintiff James A. Pressley, Sr. under the New Jersey Tort Claims Act (TCA), N.J.S.A. 59-1 to 12-3. For the reasons that follow, we reverse and remand.

This action stems from the County's termination of various needs based governmental benefits for which plaintiff was eligible based on the number of children residing in plaintiff's household. Plaintiff appealed the County's termination of benefits. An administrative law judge reversed the County's termination of benefits, finding plaintiff's household consisted of five eligible members entitled to receipt of the benefits.[1]

Separate from his challenge regarding the termination of benefits, plaintiff claimed the County "knowingly, intentionally and willfully manufactured a false accusation of fraud" against him related to his eligibility for benefits. According to plaintiff, the County's wrongful conduct began on May 19, 2017, the date the County notified plaintiff that his benefits would be terminated.

---

[1] The administrative law judge's decision, restoring plaintiff's benefits, was issued on December 22, 2017.

A-4835-17T3

The County terminated plaintiff's benefits effective June 1, 2017. On June 2, 2017, plaintiff contacted the County's attorney, requesting a notice of tort claim form. Plaintiff requested the claim form because he alleged he was harassed by a Department of Family and Community Development employee. The County's attorney emailed the claim form to plaintiff that same day. Despite receiving the requested claim form on June 2, 2017, plaintiff did not file the form within the ninety-day period pursuant to N.J.S.A. 59:8-8. Nearly a year later, on May 23, 2018, plaintiff filed his notice of claim.

Because plaintiff's notice of claim was incomplete, the County's claims adjuster contacted plaintiff. After a series of communications seeking additional information in support of plaintiff's claim, which plaintiff declined to provide, the claims adjuster sent a May 29, 2018 letter advising that plaintiff's notice of claim was "accepted and properly filed." The letter also stated that "should [plaintiff] undergo the prescribed medical care and/or include a lost wage claim, then [the information he] refused to supply to date will be required."

Prior to receipt of the claims adjuster's letter, on May 22, 2018, plaintiff filed a motion for leave to file a late notice of claim pursuant to N.J.S.A. 59:8-9. The County opposed the motion. However, based on the claims adjuster's

May 29, 2018 letter, plaintiff withdrew his motion for leave to file a late notice of tort claim.

The claims adjuster then issued a June 11, 2018 letter, clarifying the County's position regarding plaintiff's notice of claim. The letter advised:

> We received your notice of claim form originally on May 23, 2018 and following emails and phone conversations, you filed an amendment the next day. You wanted assurances your claim was properly filed. We acknowledged in a letter May 29th that your claim was properly filed and accepted with reservations.
>
> Since the filing of your claim, we have investigated this matter further. Your notice of claim form states the incident occurred on May 19, 2017 but that it is "ongoing." N.J.S.A. 59:8-8 requires a notice of claim to be filed within [ninety] days. Accordingly, we believe your claim is late.

Based on the June 11, 2018 letter, the County notified plaintiff his claim was untimely and therefore barred. Based on the County's position and the June 11, 2018 letter from the claims adjuster, plaintiff revived his motion to file a late notice of tort claim.

After hearing argument on June 22, 2018, the motion judge concluded that the claims adjuster's statements to plaintiff constituted a waiver of the County's right to assert the TCA's notice provisions as a defense. The judge stated:

> I'm convinced that based upon [the claims adjuster's] letter and . . . conduct from the time the claim was

4

> asserted that the County through [the County's claims administrator] and [the claims adjuster] has waived the right to raise the notice provisions in the Tort Claims Act as a defense.
>
> . . . .
>
> . . . what I am saying is that once [the claims adjuster] takes the steps that he's taken in this case and fails to tell the plaintiff – and I understand [the claims adjuster]'s not an attorney, but he's a claims representative. If he has a question in his mind about whether or not the notice of claim is timely filed, he does what every insurance company representative does, is deny the claim until an attorney can take a look at it and make a more definitive statement. He didn't do that. He acknowledged that the claim was properly filed.

The judge rejected the County's argument that the claims adjuster's statements were limited to the completeness of plaintiff's claim form and not an admission as to its timeliness. The judge reasoned "if a public entity can waive a defense by not raising it in an answer, a representative of a public entity can waive a defense of compliance with the notice requirements of the [TCA]." Having found the County waived the right to challenge the timeliness of plaintiff's notice of claim, the judge dismissed plaintiff's motion to file a late notice of tort claim as "moot."

On appeal, the County raises several arguments. All but one of the County's arguments relate to the merits of plaintiff's motion seeking leave to file

A-4835-17T3

a late notice of claim. Because the judge found plaintiff's motion for leave to file a late notice of claim was moot, he never ruled on the merits of that motion. Thus, we address only the County's argument that it did not waive the right to challenge plaintiff's failure to satisfy the ninety-day requirement for the filing of a timely notice of claim.

The TCA requires a plaintiff to present his or her claim "not later than the 90th day after accrual of the cause of action." N.J.S.A. 59:8-8. After ninety days, if a court finds "extraordinary circumstances," a plaintiff's notice of claim may be filed "within one year after the accrual of his [or her] claim provided that the public entity or the public employee has not been substantially prejudiced thereby." N.J.S.A. 59:8-9.

We have held that "[t]he defense of failure to file notice under the [TCA] is an affirmative one which must be pleaded" and that a defendant failing to assert the defense "may be found to have waived the protection thereof . . . ." Hill v. Bd. of Educ. of Middletown Twp., 183 N.J. Super. 36, 40 (App. Div. 1982). In Hill, the plaintiff failed to provide the public entity with the notice required under the TCA. Id. at 38-39. However, the public entity did not properly plead the lack of compliance with the TCA's notice requirements in its answer. Id. at 39-41. The public entity waited more than two and one-half years

6

to raise the issue of the plaintiff's failure to file a timely notice of claim. Id. at 41. During that time period, the public entity received extensive discovery from the plaintiff and therefore had all of the information related to the plaintiff's claim. Ibid. Based on those facts, we held the public entity was estopped from asserting the plaintiff's action was barred as a result of the failure to comply with the TCA's notice requirements. Ibid. We noted the public entity's "conduct created the objective impression that it was waiving the notice requirements, especially in view of its failure to properly plead this defense." Ibid.

The issue in this appeal is whether the County's claims adjuster waived the County's right to assert the TCA's notice requirement as a defense. We are satisfied under these circumstances that the County did not "create[] the objective impression that it was waiving the notice requirements . . . ." Ibid.

Here, the claims adjuster, who is not a lawyer, never suggested that plaintiff's notice of claim was filed in accordance with the TCA. Nor did plaintiff request confirmation that his notice of claim was timely filed and complied with the requirements of the TCA. Rather, plaintiff sought confirmation that his claim was accepted and filed.

Moreover, because plaintiff moved for leave to file a late notice of claim and complaint, the County had no opportunity to file an answer and assert

affirmative defenses, including plaintiff's failure to comply with the requirements of the TCA. Upon receipt of plaintiff's motion for leave to file a late notice of tort claim, the County responded, advising plaintiff failed to timely file a notice of claim.

Plaintiff's notice of claim and motion to file a late notice of tort claim were filed around May 22, 2018. As of May 22, 2018, plaintiff understood a motion was required to pursue his claims against the County. Based on the timing of plaintiff's motion, plaintiff could not have detrimentally relied on the letter from the County's claims adjuster, received seven days after plaintiff submitted his motion to file a late notice of claim, to invoke the doctrine of estoppel and preclude the County from arguing the failure to comply with the requirements of the TCA.

As a result of the judge's mistaken conclusion that the County waived the timeliness defense to plaintiff's notice of claim, the judge did not decide plaintiff's motion for leave to file a late notice of claim. Thus, we remand the matter to the motion judge to decide plaintiff's motion. We express no opinion regarding the outcome of that motion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4835-17T3